FRED W. JONES, Judge.
Tommy Dean Hearne, Edwin M. Callo-way and Dorothy Jo Allen, legatees under the last will and testament of the decedent, Mattie Stewart Jeffress, appeal a judgment sustaining an exception of lack of jurisdiction over the subject matter and dismissing their suit insofar as it related to the ownership of immovable property located in Texas. We affirm.
Mattie Stewart Jeffress died testate on September 7, 1979 while domiciled in Jackson Parish, Louisiana. Her will was probated in the district court for that parish on October 11,1979. Lucille Stewart Harrison, decedent’s niece, was appointed testamentary executrix.
The will in question contained a legacy to appellants of the decedent’s “interest in the W.D. Jeffress Estate, both real, personal, and otherwise.” Included in this legacy was immovable property located both in Louisiana and in Texas.
On June 6, 1980 appellants filed in the succession proceedings a pleading styled “petition for possession and declaratory relief,” alleging that they were bequeathed decedent’s “interest in the W.D. Jeffress Estate”; that the described estate consisted of immovable property situated in Jackson Parish, Louisiana and Hidalgo County, Texas; and that petitioners were entitled to a judgment recognizing them as owners of the specifically described immovable property, including that in Texas.
The testamentary executrix filed an exception to the subject matter jurisdiction of the court insofar as the petitioners sought to be declared owners of the property located in Texas. The trial judge sustained the declinatory exception and dismissed the suit to the extent requested.
Appellants concede that the district court was without power to place them in possession of immovable property located in Texas. They argue, however, that the trial judge erred in holding that his court was without jurisdiction to interpret the term “W.D. Jeffress Estate.”
Jurisdiction is defined in Louisiana as “the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.” La.C.C.P. Art. 1.
Subject matter jurisdiction is “the legal po'.ver and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La.C.C.P. Art. 2. This is the counterpart of the French concept of “competence ratione materiae.”
The allegations of a petition must be deemed true for the purpose of disposing of an exception of this nature. State v. Noe, 186 La. 102, 171 So. 708 (1936).
After carefully examining appellants’ petition, we agree with the trial judge that the object of the demand or the subject matter of the suit was, among other things, a request to be recognized as owners of and to be placed in possession of immovable property located in Texas. The trial judge correctly ruled that his court had no power to grant this request because it had no jurisdiction over the subject matter.
Contrary to appellants’ assignment of error, the lower court did not hold that it was without jurisdiction to interpret a will provision. In his written opinion the trial judge noted that under the pleadings filed by petitioners this issue was not before him, i. e., this was not the subject matter of the suit. He was correct in this ruling. We are also unable to discover in the petition filed by appellants in the trial court any allegations of fact asserting that the term “W.D. Jeffress Estate” was ambiguous or required interpretation.
For these reasons, we affirm the judgment of the trial court at appellants’ cost.