LABORDE, Judge.
Plaintiffs appeal from a judgment dismissing their suit against Darby Equipment Company, Inc., based on Darby’s declinato-ry exception of lack of jurisdiction in per-sonam over it. Darby’s exception was based on the grounds that it is a foreign corporation which has never been licensed to do business in Louisiana; has never done business or conducted any business therein; and has no offices, officers, employees, or agents in Louisiana on whom process may be validly served. The exception was heard on September 30, 1981, and in a judgment rendered without written reasons, the trial court maintained the exception and dismissed plaintiffs’ suit against Darby. We reverse and remand in order to allow plaintiffs to amend their petition as provided by LSA-C.C.P. art. 932.
This suit for damages was filed by the widow and children of Harold Sistrunk who was electrocuted in Sabine Parish, Louisi *118 ana, on March 11, 1980, when an A-frame mounted on a truck on which he was working came in contact with an energized electric overhead wire. By supplemental and amending petition, plaintiffs sued Darby Equipment Company, Inc. Darby filed an exception to the personal jurisdiction of the Court over it. The exception was sustained and the suit was dismissed as to Darby. Plaintiffs appeal and allege that the trial court erred in holding that it was without personal jurisdiction over Darby and in the alternative, in not permitting plaintiffs to amend in order to remove the ground for objecting.
Plaintiffs, although they did not allege it in their petition, rely on Louisiana’s Long Arm Statute, which is contained in LSA-R.S. 13:3201 et seq., to support the proposition that Darby is amendable to suit in Louisiana LSA-R.S. 13:3201, pertinent hereto, provides:
“A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
# }fc * s{t * *
(d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;”
Jfs }(C S« Hi sfc sfc
In Soileau v. Evangeline Farmer’s Co-op, 386 So.2d 179 (La.App. 3rd Cir. 1980), this court discussed the limits of jurisdiction under Louisiana’s Long Arm Statute as follows:
“It is well settled that the legislative intent in enacting this statute was to extend personal jurisdiction of Louisiana courts over non-residents to the full limits of due process, i.e., to any non-resident who has ‘minimum contacts’ with this state. Drilling Engineering, Inc. v. Independent Indonesian American Pet Co., 283 So.2d 687 (La.1973), and Aucoin v. Hanson, 207 So.2d 834 (La.App. 3rd Cir. 1968). This jurisprudence requires a liberal interpretation of LSA-R.S. 13:3201 in favor of finding jurisdiction. Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977); Latham v. Ryan, 373 So.2d 242 (La.App. 3rd Cir. 1979).”
Continuing, we added that the finding of jurisdiction over non-residents involves an evaluation of the factual circumstances of the case in light of federal constitutional principles. Basically, these principles are that in order for the proper exercise of jurisdiction in personam over a nonresident, there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and “traditional notions of fair play and substantial justice” as required by Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Concluding, we stated that whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973).
Returning to the facts of the present case, we note that the only evidence introduced at the trial of the exception was the original and amended petitions and the citation and return to Darby. After reviewing these, we agree with the lower court that it is without jurisdiction over Darby.
We next consider whether plaintiffs should have been allowed to amend their petition in order to remove the ground for objecting.
The lack of jurisdiction over the person is a declinatory exception which merely re *119 tards the progress of the action rather than defeats it. LSA-C.C.P. arts. 923, 925, 928 and 932. Therefore, when the grounds of the objection may be removed by amendment of the petition or other action of the plaintiff, “. .. the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.” LSA-C.C.P. art. 932. It is only if the grounds of objection cannot be removed or if the plaintiff fails to comply with an order requiring such removal within the delay allowed by the court, that the suit will be dismissed. LSA-C.C.P. art. 932.
Under the facts of the instant case, we hold that the lower court erred in dismissing the suit against Darby without first affording plaintiffs an opportunity to cure the defect by amendment of their petition.
For the above reasons, we reverse the district court’s judgment sustaining Darby’s exception to the lack of jurisdiction over the person and dismissing plaintiffs’ suit. These proceedings are remanded to the trial court to enter an order allowing plaintiffs a delay within which to amend their petition. The ease is to be dismissed only upon noncompliance with such an order. Costs of this appeal are assessed against one-half against appellants and one-half against ap-pellees.
REVERSED AND REMANDED.