425 So.2d 348 (1982)
ROSE HILL BAPTIST CHURCH, Plaintiff-Appellee,
v.
Jake JONES, Jr., Defendant-Appellant.
No. 82-389.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Brent Gore, Ferriday, for defendant-appellant.
Lyman S. Gore, Jr., Vidalia, for plaintiffappellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
Rose Hill Baptist Church (hereafter the Church), an unincorporated religious association, filed this suit to enjoin Jake Jones, Jr. from acting as pastor of the Church. Jones filed an exception of lack of jurisdiction over subject matter. In this exception, he alleged that the matter was purely ecclesiastical and, as such, the First Amendment of the Constitution of the United States, as applied to the States through the Fourteenth Amendment, forbids the State District Court from engaging in the process of interpreting Church laws and practices. The trial court rendered judgment sustaining defendant's exception of lack of jurisdiction and dismissed plaintiff's suit. The Church appealed devolutively.
The only issue on appeal is whether a resolution of this controversy requires interference in matters of church doctrine, practice or administration so as to violate the protection guaranteed by the first amendment.
*349 There was no evidence presented to the trial court. This matter was tried on the factual allegations of plaintiff's petition which are stated below.
The Church association is composed of a membership which averages 80 to 85 members. Each current member has one vote in carrying out the business of the Church. On January 10, 1981, by a vote of 46 members for, none against, Jones was removed as pastor. Jones was notified of his removal but he refused to discontinue acting as pastor and to surrender Church records and money. Plaintiff seeks a judgment enjoining Jones from acting as Church pastor, conducting any affairs of the Church or retaining any of the Church records and money.
The United States Constitution and the Louisiana Constitution, as interpreted by our courts, prohibit civil courts from interfering in the ecclesiastical matters of a religious group, i.e., matters concerning religious doctrine, policy or practice, which have constitutionally been left for the religious bodies themselves to decide. The Serbian Eastern Orthodox Diocese for the United States of America and Canada, et al v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); Bourgeois v. Landrum, 396 So.2d 1275 (La. 1981); Joiner v. Weeks, 383 So.2d 101 (La.App. 3rd Cir. 1980), writ denied, 385 So.2d 257.
On the trial of the declinatory exception, evidence may be introduced to support any of the objections pleaded, when the grounds thereof do not appear from the petition. La.C.C.P. Art. 930. As aforestated, no evidence was taken at the hearing on the declinatory exception of lack of subject matter jurisdiction. The court was therefore restricted to the allegations of the petition, which for purposes of the exception must be accepted as true. State ex rel Brenner v. Noe, 186 La. 102, 171 So. 708 (1938); Morrison v. H.B. Mitchell Const. Co., 369 So.2d 1102 (La.App. 1st Cir.1979); Succession of Jeffress, 403 So.2d 821 (La. App. 2d Cir.1981).
In his opinion, the trial judge stated:
"The plaintiff in this case seeks to have the court decide who will be pastor of the Church. The only record before the court at this time is the petition and its brief allegations of fact.
It is my opinion that plaintiff's (sic) have failed to make out the requisite predicate or foundation for intervention by the court into the matter of selecting the pastor or chief minister of this Church."
The plaintiff's petition does not put at issue the process of Mr. Jones' dismissal nor does it ask the court to decide who is the pastor of Rose Hill Baptist Church. The petition alleges that Jones was removed as pastor of the Church and requests that the court decide whether an injunction is warranted.
Accepting the allegation of the petition that Jones was removed as pastor of the Church as true, the issue presented by the plaintiff's petition is whether the Church is entitled to injunctive relief, against an ex-pastor, who continues to conduct the affairs of the Church and who refused to return Church funds and records. The underlying First Amendment principles which protect against entanglement of civil courts in question of religious doctrine, policy or practice are not offended by this judicial inquiry.
In the recent Louisiana Supreme Court decision of Fluker Community Church v. Hitchens, 419 So.2d 445 (La.1982), docket number 81-C-3286, the court stated:
"Refusal to adjudicate a dispute over property rights or contractual obligations, even when no interpretation or evaluation of ecclesiastical doctrine or practice is called for, but simply because the litigants are religious organizations, may deny a local church recourse to an impartial body to resolve a just claim...."
No interpretation or evaluation of ecclesiastical doctrine or practice is called for in plaintiff's petition.
Accordingly, the judgment of the trial court sustaining the exception of lack of jurisdiction is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.