KNOLL, Judge.
Plaintiffs appeal the dismissal of their damage claim against Beaver Advance, Inc. (hereafter Beaver) and AMCA International Corporation (hereafter AMCA). The trial court dismissed plaintiffs’ claim against Beaver on declinatory exceptions to the citation and service of process and the court’s lack of personal jurisdiction, holding that Beaver lacked sufficient minimal contacts with the State of Louisiana, such as to subject it to in personam jurisdiction under the Louisiana Long Arm statute. Plaintiffs’ action against AMCA was dismissed on a peremptory exception of res judicata coupled with a motion for summary judgment. Plaintiffs argue that the trial court erred: (1) in granting Beaver’s exception to in personam jurisdiction because this exception was waived when Beaver made a general appearance in the lawsuits; (2) in failing to allow plaintiffs an opportunity to amend their petitions to allege minimal contacts sufficient to subject Beaver to Louisiana’s jurisdiction; and (3) in holding their supplemental petition against AMCA was barred by res judicata.
In brief Beaver urges us to dismiss plaintiffs’ appeal because of their failure to timely appeal the trial court’s judgment on its declinatory exceptions. AMCA likewise contends plaintiffs’ appeal pertaining to AMCA is moot. We dismiss plaintiffs’ appeal as to Beaver and AMCA sua sponte.
Beaver contends in brief that we should dismiss plaintiffs’ appeal as pertains to its dismissal on declinatory exceptions as being untimely appealed. It states that because plaintiffs’ motion for new trial was not timely filed, an appeal filed after the untimely motion for new trial had been denied is likewise untimely, therefore, we lack jurisdiction to hear the appeal.
In order to be properly considered, a motion for new trial must be timely filed. See Finuf v. Johnson, 216 So.2d 151 (La. App. 2nd Cir.1968), writ refused, 253 La. 313, 217 So.2d 410 (1969). In determining whether a particular pleading was timely filed we must rely on the clerk’s notations on record to insure the orderly disposition of questions presented, and the filing data preserved in the record must be used as a strict control.
The trial court’s judgment granting Beaver’s declinatory exceptions was signed on August 15, 1984, and served on plaintiffs’ counsel on August 16, 1984. Under LSA-C.C.P. Art. 1974 the last day plaintiffs could have filed a motion for new trial was August 27,1984 (the seventh day from August 17 exclusive of legal holidays).
Beaver points out that plaintiffs’ motion for new trial and the court order setting the hearing date is stamped filed on September 19, 1984. Our review of the record also reveals a time stamp on the first page of the motion dated either August 28 or 29 at 3:44 P.M. All of these dates were beyond the delay within which plaintiffs could have filed their motion for new trial. Accordingly, in its memorandum in opposition to plaintiffs’ motion for new trial, Beaver urged the trial court not to consider the motion because it had not been timely filed.
Our review of the record reveals support for Beaver’s contention that plaintiffs’ motion for a new trial was untimely. Since this issue was first raised in the trial court it was encumbent on plaintiffs to present evidence for the record clarifying any ambiguity regarding this question.
In appellate brief plaintiffs point to two references in the record to establish that *295 their motion for new trial was filed prior to August 27. First they show that their memorandum in support of their motion for new trial was stamped filed on August 23, 1984. Second they direct our attention to the certificate of service on their motion for new trial which was dated and signed by plaintiffs’ counsel on August 23, 1984. In reviewing the record we note that plaintiffs’ motion for new trial and their memorandum in support thereof do not appear consecutively in the record.
Plaintiffs argue that we should consider their memorandum of law, timely filed pri- or to the expiration of the delays within which to move for a new trial, as a motion for new trial. We disagree. A motion for a new trial may be presented either as a rule to show cause or by a simple motion. Finuf, supra. Plaintiffs’ memorandum of law may not be characterized as either.
Plaintiffs further contend that since the certificate of service is dated well before the expiration of time within which to apply for a new trial, we should consider the motion timely filed. We disagree. A certificate of service upon opposing counsel is not considered authoritative proof of a timely filing. American Bank & Trust Co. of Lafayette v. Huval Finance, 460 So.2d 91 (La.App. 3rd Cir.1984).
Having determined that plaintiffs failed to timely move for a new trial, and that the trial court erroneously considered said motion, we conclude Beaver’s assertion that plaintiffs have not timely moved for an appeal from the judgment dated August 15, 1984, is well taken. Accordingly, we dismiss plaintiffs’ appeal as it pertains to Beaver sua sponte.
Plaintiffs next contend that the trial court erred in granting AMCA’s peremptory exception of res judicata. We pretermit discussion of plaintiffs’ argument, finding it moot.
In the interest of judicial economy the appellate court may declare mootness on its own motion. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968). Courts will not ordinarily rule on legal questions where no practical results can be effectuated by its ruling. In Re Baer, 310 So.2d 537 (La. 1975).
On February 11, 1985, the trial court signed a formal judgment granting AMCA’s exception of res judicata and its motion for summary judgment. In plaintiffs’ appeal they have only assigned as error that the trial court erred in granting AMCA’s peremptory exception of res judi-cata.
Appellate courts will review only those issues which are contained in specifications or assignments of error. Uniform Rules, Courts of Appeal, Rule 1-3.
Since plaintiffs have not complained of the granting of AMCA’s motion for summary judgment, except in their brief, in informal form, interposed occasionally with their argument on the grant of the peremptory exception, we must consider plaintiffs’ argument regarding the summary judgment abandoned. Regardless of how we would treat the trial court’s ruling on AMCA’s exception of res judicata, the trial court’s granting of AMCA’s motion for summary judgment would yet be disposi-tive of the issue. Therefore whatever argument plaintiffs may have with reference to that portion of the judgment that granted AMCA the exception of res judicata is considered moot. Therefore we dismiss plaintiffs’ appeal as it pertains to AMCA sua sponte.
Accordingly, plaintiffs’ appeal is dismissed. All costs of appeal are assessed to plaintiffs.
APPEAL DISMISSED.