502 So.2d 133 (1987)
Majorie Frederick BOWMAN, Individually and on the Behalf of Her Minor Son, Darrell Bowman and on Behalf of the Decedent, Edward Bowman, Plaintiffs-Appellants,
v.
WEILL CONSTRUCTION COMPANY, Colaco Engineers, Inc., Amca International Corporation Erroneously Designated as Clyde Ironworks, Beaver Advance, Inc., RWR Development Group, Ltd., Concrete & Steel Erectors, Inc. & Superior Oil Company, Defendants-Appellees.
No. 85-363.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Writ Denied March 26, 1987.
*135 Marx and Marx, G. Paul Marx, Lafayette, for plaintiffs-appellants.
Gachassin, Capretz & Hunter, Shepton Hunter, Pugh and Boudreaux, Donlon Pugh, John K. Hill and C. Michael Hill, Lafayette, Joseph E. Friend, New Orleans, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
KNOLL, Judge.
This matter was consolidated for purposes of trial and appeal with a case entitled Paul Rufus Comeaux v. Weill Construction Company, et al., 502 So.2d 139 (La.App.3rd Cir.1987). For the reasons hereafter set forth, we decide the issues in both appeals in this opinion but render separate decrees.
These cases are being heard on remand from the Supreme Court. 494 So.2d 314 (La.1986). In our original opinion we dismissed plaintiffs' claims against Beaver ex proprio motu on the ground that their appeal was untimely filed and the arguments concerning AMCA's dismissal were moot. 488 So.2d 293 (La.App. 3rd Cir. 1986). On remand we now address plaintiffs' arguments for the first time.
Plaintiffs appeal the dismissal of their damage claim against Beaver Advance, Inc. (Beaver) and AMCA International Corporation (AMCA). The trial court dismissed the claim against Beaver on declinatory exceptions of insufficiency of citation and service of process and the court's lack of personal jurisdiction, because the record was void of any evidence that the requirements for citation and service under LSA-R.S. 13:3201 et seq. (the Long Arm Statutes) were met, and the record did not establish that Beaver had sufficient minimal contacts with the State of Louisiana in order to subject it to personal jurisdiction under the Louisiana Long Arm Statute. Plaintiffs' action against AMCA was dismissed on a peremptory exception of res judicata coupled with a motion for summary judgment. Plaintiffs argue that the trial court erred: (1) in granting Beaver's exception of lack of personal jurisdiction because this exception was waived when Beaver petitioned the court to grant protective orders shielding it from having to respond to plaintiffs' interrogatories; (2) in failing to give plaintiffs an opportunity to amend their pleadings to allege sufficient minimal contacts to subject Beaver to Louisiana jurisdiction and to establish sufficient citation and service of process in conformity with Louisiana's Long Arm Statute; and (3) in holding that the supplemental petition against AMCA was barred by res judicata.
These personal injury actions arise out of a construction hoist accident that occurred on November 14, 1979, at the Superior Oil Building construction site in Lafayette. Beaver & AMCA were sued because they allegedly designed and manufactured a component part of the hoist mechanism which failed.

PERSONAL JURISDICTION OVER BEAVER
Beaver filed declinatory exceptions asserting that there was insufficiency of service of process and citation, and that the Louisiana court lacked jurisdiction over it, a nonresident of the state.
LSA-R.S. 13:3201 provides that a Louisiana court may exercise personal jurisdiction over a nonresident, either acting directly or through an agent, as to a cause of action arising from any one of several enumerated activities. Only a cause of action arising from acts or omissions enumerated in R.S. 13:3201 may be asserted against a nonresident. LSA-R.S. 13:3202.
R.S. 13:3201 is intended to encompass the maximum jurisdictional outreach allowable under the Fourteenth Amendment to the United States Constitution. Fryar v. West Side Habilitation Center, 479 So.2d 883 (La.1985). In Fryar the due process requirements were explained as follows:

"The basic due process requirement for jurisdiction over a person is minimum contacts with the forum state. International Shoe Company v. Washington, *136 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). An individual is not subject to the jurisdiction of a forum with which he has established no `contacts, ties or relations'. International Shoe Company v. Washington, 326 U.S. at 319, 66 S.Ct. at 160, 90 L.Ed. at 104. The contacts with the forum state cannot be `isolated', `fortuitous', or `attenuated'. There must be a substantial connection between the defendant's activities and the forum state, but physical entry into the forum state is not essential. Burger King Corp. v. Rudzewicz, 471 U.S. [462], 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Plaintiff's residence is not irrelevant to the inquiry, because defendant's relationship with plaintiff may enhance defendant's contacts with the forum. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).

A person must have fair warning that an activity may subject him to foreign jurisdiction. Burger King, supra. This allows a potential defendant some assurance as to where he will be liable to suit. World-Wide Volkswagen Corporation v. Woodson [444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)J, supra: Burger King, supra. The requirement of fair warning is satisfied when a defendant has purposefully directed his activities at a resident of the forum, and the litigation results from foreseeable injuries arising out of or relating to those activities. International Shoe, supra; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Burger King, supra.

A nonresident party to a contract consummated in the forum state is subject to the forum state's in personam jurisdiction on causes of action arising out of the transaction. McGee v. International Life Ins. Co., [355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)], supra; Burger King, supra. Compare Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)....

When minimum contacts are present, they must be balanced with other factors to determine whether personal jurisdiction affords substantial justice, is reasonable and compatible with fair play. International Shoe Company v. Washington, supra; Schaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); World-Wide Volkswagen Corporation v. Woodson; supra; Burger King, supra; Restatement (2d) of Conflict of Laws, §§ 36, 37 (1971). Factors to be evaluated include the burden on the defendant, the forum state's interest, the plaintiff's interest, the system's interest in obtaining the most efficient resolution of controversies, and the furtherance of fundamental substantive social policies. World-Wide Volkswagen Corp. v. Woodson, supra; Burger King, supra."

See also Robinson v. Vanguard Insurance Company, 468 So.2d 1360 (La.App. 1st Cir. 1985), writs denied, 472 So.2d 34, 924 (La. 1985).
Louisiana's only statutory means of effecting service of process on a nonresident is by strict compliance with the Long Arm Statute's procedural requirements. Clay v. Clay, 389 So.2d 31 (La.1979). Only when plaintiff's counsel sends to the nonresident defendant by registered or certified mail a certified copy of the citation and of the petition in a suit under the Long Arm Statute does such service have the same legal force and validity as personal service made on the defendant within the state. LSA-R.S. 13:3204. In the present case the record is totally lacking of any evidence that the procedural mandates of the Long Arm Statute were followed. Therefore there was no error in the trial court's determination that Beaver's exceptions of insufficiency of citation and service of process were meritorious.
We next consider whether, in light of Fryar, Beaver's activities within the state were sufficient to subject it to Louisiana jurisdiction. When the grounds of the declinatory exception do not appear from the petition, evidence may be introduced *137 on the trial of the exception to support any of the objections pleaded. LSA-C.C.P. Art. 930; Rose Hill Baptist Church v. Jones, 425 So.2d 348 (La.App. 3rd Cir. 1982). The onus is on the party urging the declinatory exception to offer evidence in support of the exception. Morrison v. H.B. Mitchell Const. Co., 369 So.2d 1102 (La.App. 1st Cir.1979). At the trial of the exception the evidence before the trial court consisted of the original and amended petitions, and Beaver's declinatory exceptions. Throughout trial and in its appellate brief Beaver relies on an affidavit executed by its manager of real estate and insurance, attached to a memorandum in support of its exceptions, to establish that Beaver was not amenable to the court's jurisdiction. We have examined the record of the February 22, 1983, hearing as well as the reargument of the exception on July 23,1984, and find that the affidavit was not introduced into evidence. Items of evidence which are physically placed in the record of a cause, but which are not properly introduced and admitted in evidence by the trial court, may not be considered by any tribunal in deciding the merits of the case. Jackson v. Gordon, 381 So.2d 520 (La.App. 1st Cir.1980); State Department of Highways v. Colby, 321 So.2d 878 (La. App. 1st Cir.1975), writ denied, 325 So.2d 278 (La.1976). We have found no procedural provision which permits the filing of an affidavit to prove facts in support of a declinatory exception, nor has Beaver cited any law in support of this practice. Over objection the affidavit would have been inadmissible as self-serving hearsay; without the affidavit being formally introduced into evidence there was no opportunity for plaintiffs to object to the affidavit. It appears that the trial court favorably relied upon Beaver's affidavit as evidence in support of the exception to jurisdiction; by doing so we find the trial court erred. Accordingly, we conclude that exhibits attached to a declinatory exception of jurisdiction upon filing do not constitute proper introduction into evidence of the exhibits; therefore, Beaver's affidavit cannot be considered as evidence in support of its contention.
As stated hereinabove, no evidence was taken at the hearings on the declinatory exception. Plaintiffs' petition alleges that Beaver did business in the state and that the accident occurred because of a faulty construction elevator. Therefore the trial court was restricted to the allegations of the petition, which for purposes of the exception must be considered as true. Rose Hill Baptist Church, supra; State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708 (1938). Beaver having failed to rebut the allegations of plaintiffs' petition, the trial court's judgment on the exception of personal jurisdiction must be reversed.
Plaintiffs next contend that even though citation and service of process may have been deficient, Beaver waived its exceptions by submitting to the court's jurisdiction. Three years after Beaver filed its declinatory exceptions, but prior to a hearing on the exceptions, plaintiffs served interrogatories on Beaver. Beaver sought a protective order from the trial court relieving it from answering plaintiffs' interrogatories until there was a judicial determination on its pending exceptions. Plaintiffs contend that Beaver's request for a protective order constituted a waiver of its declinatory exceptions.
There was a direct connexity between Beaver's exceptions and its request for a protective order. The sole purpose of seeking the protective order was avoiding the possibility of having its answers to interrogatories construed as a submission to the court's jurisdiction. Two analogous cases assist us in our determination of this contention. In Stelly v. Quick Manufacturing, Inc., 228 So.2d 548 (La.App. 3rd Cir.1969), a nonresident defendant who answered interrogatories primarily designed to secure facts to examine the court's jurisdiction did not constitute a general appearance or a waiver of its declinatory exceptions. The same result was reached in Moore v. Central La. Electric Company, 257 So.2d 702 (La.App. 3rd Cir.1972), reversed on other grounds, 273 So.2d 284 (La.1973), where a nonresident defendant deposed its president asking questions restricted to the exception of jurisdiction, and in no way dealt with the merits of the case.
*138 In light of these cases we cannot state that Beaver's petition for an order protecting its jurisdictional exceptions constituted waiver of its declinatory exceptions.
Plaintiffs next argue that even if the trial court was correct in sustaining Beaver's exception, it should have allowed an amendment to the petition to supplement the record and remove the grounds for Beaver's objection.
Insufficiency of citation and of service of process are declinatory exceptions which retard the progress of the action rather than defeat it. In Sistrunk v. Sun Oil Co., 417 So.2d 117 (La.App. 3rd Cir. 1982), we stated:
"Therefore, when the grounds of the objection may be removed by amendment of the petition or other action of the plaintiff, `... the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.' LSA-C.C.P. art. 932. It is only if the grounds of objection cannot be removed or if plaintiff fails to comply with an order requiring such removal within the delay allowed by the court, that the suit will be dismissed. LSA-C.C.P. art. 932."
See State, Through Dept. of Health v. King, 447 So.2d 557 (La.App. 1st Cir.1984) and cases cited therein; and also Clay, supra.
Therefore, we hold that the trial court erred in its dismissal of plaintiffs' suit against Beaver without first allowing plaintiffs an opportunity to cure the defects in the record.

DISMISSAL OF AMCA
Plaintiffs contend the trial court erred in sustaining AMCA's peremptory exception of res judicata and its alternative motion for summary judgment. Because we find the issue of res judicata dispositive of the questions presented, we need not reach plaintiffs' argument on the propriety of AMCA's dismissal on a motion for summary judgment.
The basis of AMCA's exception of res judicata was an earlier petition in this same law suit in which plaintiffs sought to recover damages in tort from AMCA, among others, alleging that AMCA had improperly designed and manufactured component parts of a hoist and control mechanism which permitted a construction elevator to free fall to the ground. AMCA was dismissed on a motion for summary judgment; no appeal was taken from that judgment and it is now final.
Subsequently plaintiffs filed an amending and supplemental pleading to the original lawsuit again naming AMCA as a party defendant. The sole difference in the amended pleading is an additional allegation that AMCA failed to warn the owner of the hoist of the need to replace certain parts of the mechanism.
Res judicata under Louisiana law is perceived as much narrower in scope than its common law counterpart. Gremillion v. Town of Cottonport, 420 So.2d 1302 (La.App. 3rd Cir.1982). Louisiana legislative authority for res judicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of cause, and (3) an identity of the thing demanded. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978).
The elements of res judicata are now established in LSA-R.S. 13:4231 which provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
Plaintiffs concede that the parties in the two actions brought against AMCA are identical. The thing demanded is also the same. However, plaintiffs argue that in these two actions there exists no identity of "cause" and AMCA's peremptory exception should have been overruled.
In Mitchell v. Bertolla, 340 So.2d 287 (La.1976), our Supreme Court discussed "cause" and stated:

*139 "It is generally accepted that `cause of action' is a mistranslation. Procedure, XXTX La.L.Rev. 269, 282, footnote 65; Sliman v. McBee, [311 So.2d 248 (La. 1975)], supra, footnotes 11 and 12. Although the difference is often noted, it has not before now been necessary to decide whether the phrase `cause of action' means the same as at common law. As previously noted, plaintiff's earlier suits to set aside the option and the present suit to set it aside, although brought on different `grounds,' constitute the same cause of action.

The cause is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. 2 Planiol, Traite Elementaire De Droit Civil, 34 (11 ed. 1939). Stated otherwise:
`... Cause is the principle upon which a specific demand is grounded while cause of action embraces the cause and the demand, and is related to the party making the demand....' Maloney, Preclusion Devices in Louisiana: Collateral Estoppel, supra, at 165, footnote 41.
Cause in Louisiana may be likened to the `grounds' described by Freeman:

`... There is an obvious distinction between grounds of action and cause of action; a single cause of action may be based upon several grounds, in which event, whether actually litigated or not, they are all merged in the judgment which bars a new action on the same cause of action on a different ground....' Freeman, Law of Judgments, § 681, 1437-38." (Emphasis added.)
In the present case the trial court was requested in both the original and supplemental petition to adjudge AMCA's negligence in the design and manufacture of the construction elevator. We find an identity of cause in both actions.
Plaintiffs stress that a ground has been alleged for the liability of AMCA which was not raised earlier. Plaintiffs' reliance on this fact is misplaced. All facts giving rise to this negligence action against AMCA existed at the filing of the initial petition. The doctrine of res judicata now prohibits the insertion of new acts/duties which constitute negligence after AMCA was dismissed from the original suit by a final judgment.
For the foregoing reasons, we affirm the trial court's judgment sustaining Beaver's exceptions of insufficiency of citation and service of process. However, we reverse the trial court's judgment sustaining Beaver's exception of lack of personal jurisdiction and its dismissal of plaintiffs' suit against Beaver. We remand this case to the trial court to enter an order allowing plaintiffs a delay within which to supplement the record with proof of citation and service of process according to the Long Arm Statute further, right is reserved to Beaver to reurge its exception to jurisdiction, supported by proper proof if it elects to do so. The trial court's judgment dismissing AMCA from plaintiffs' action is affirmed. Costs of this appeal are assessed one-half against plaintiffs and one-half against Beaver.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.