| iKLEES, Judge.
Plaintiffs appeal the district court’s judgment dismissing their case against the defendant on an exception of lack of personal jurisdiction. After reviewing the record, we affirm.
This litigation arises from an explosion at the General Electric Plastics plant in Bay St. Louis, Mississippi, on January 26, 1993. Franklin Kent, a worker on that site, was fatally injured in the accident. Kent was a Louisiana resident, and commuted from New Orleans to work at the Bay St. Louis plant. Plaintiff Rosalee Lewis, representing the family of Franklin Kent, filed suit against defendanCappellee Cygan & Cygan (“Cy-gan”), a subcontractor at the job site, and its liability insurer, United States Fire Insurance Company (“U.S.Fire”), among others.
Cygan & Cygan is a Pennsylvania corporation involved in the construction industry. Cygan is not registered to do business in Louisiana and has no agent, office, telephones, property or employees in this state. It does not solicit business in Louisiana.
Cygan and U.S. Fire moved for dismissal for lack of personal jurisdiction. The district court determined that Cygan lacked sufficient minimum contacts with the State of Louisiana to be sued in a Louisiana court, and therefore sustained Cygan’s exception of lack of personal jurisdiction. Plaintiff appeals, arguing that Cygan’s contacts with Louisiana are substantial enough to justify the exercise of jurisdiction.
Louisiana’s long-arm statute, La. R.S. 13:3201, provides that a Louisiana court may exercise personal jurisdiction over a nonresident defendant “on any basis ... consistent with the Constitution.” The defendant is subject to personal | ¿jurisdiction if he has minimum contacts with the forum state that allow maintenance of the suit without offending traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945.) This situation is addressed through a two-part test; first, the defendant’s ties to the forum state are examined to see if they reach the level required for “minimum contacts.” Then, the fairness of trying the defendant in the forum state is questioned. de Reyes v. Marine Management, 586 So.2d 103, 111 (La.1991.)
Personal jurisdiction exists in two forms; in cases where the cause of action against the defendant arises from the defen *852 dant’s contacts with the forum state, “specific jurisdiction” is involved. In cases where the cause of action against the defendant does not arise from defendant’s contacts with the forum state, “general jurisdiction” is involved. International Shoe, supra. More substantial contacts with the forum state are required to establish general, rather than specific, jurisdiction. Cadawas v. Skibsaks-jeselskapet Storli, 630 So.2d 289, 292 (La.App. 5 Cir.1993.)
Plaintiff asserts that her cause of action could be tried in Louisiana under specific jurisdiction; we do not find this assertion persuasive. The record reveals no allegation or suggestion that any product purchased from Cygan’s Louisiana suppliers were involved in the explosion that killed Franklin Kent. None of Cygan’s other various dealings with Louisiana has been alleged to be connected to this incident. Specific jurisdiction is only appropriate when the cause of action arises from or is related to the defendant’s purposeful contacts with the forum state. Babcock & Wilcox Co. v. Babcock Mexico, 597 So.2d 110, 113 (La. App. 4 Cir.1992.). In the absence of any tie between Cygan’s Louisiana contacts and plaintiffs cause of action, specific jurisdiction does not apply.
13Alternately, plaintiff argues that general jurisdiction over Cygan would be appropriate. While plaintiff and defendant offer differing accounts of Cygan’s ties to Louisiana, it appears from the record that Cygan has had a handful of Louisiana suppliers. Apparently only one, Cajun Wire, was a major supplier for the Bay St. Louis site. Cajun Wire actively solicited Cygan’s business through a cold sales call in Mississippi. All products purchased from Cajun Wire were delivered to Cygan at the plant in Mississippi.
Cygan still owes money to at least two of its Louisiana suppliers. Years ago, Cygan sold a piece of equipment in Pennsylvania which was later taken to Louisiana. When this equipment needed repair, two employees were sent to Louisiana for the repairs, and purchased some items necessary to perform that repair in this state. During the Bay St. Louis project, several Cygan employees took pleasure trips to New Orleans in their spare time. These are the only connections between Cygan and Louisiana.
General jurisdiction applies only when the defendant has “continuous and systematic general business contacts” with the forum state. Helicópteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S.Ct. 1868,1873, 80 L.Ed.2d 404 (1984). The contacts between the defendant and the forum must not be merely isolated and fortuitous. World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Instead, the defendant must be shown to have “purposefully availed himself of the privilege of doing business within the forum state, thus invoking the benefits and privileges of its laws.” Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). This refers to more than simply conducting some business with someone who happens to reside in Louisiana. Alba v. Pyramid Island, 474 So.2d 486 (La. App. 4th Cir.1985.)
The present case is analogous to that presented in Bosarge v. Master Mike Inc., 95-0986 (La.App. 4 Cir. 1/31/96), 669 So.2d 510. In that case, the ^defendant corporation held certain licenses for Louisiana waters, but had only six contacts with Louisiana over a four-year period. Those contacts included purchases of fuel, food and ship equipment, and sales of shrimp totalling over $40,000. However, the contacts with Louisiana were limited to six separate occasions, all of which this court found to be ad hoc and sporadic. The court held there were insufficient contacts to support jurisdiction.
Plaintiffs attempt to distinguish Bosarge is not persuasive. She argues that Bosarge differs from the present case in that the accident in question there did not relate to any of the defendant corporation’s contacts with Louisiana. However, plaintiff has not shown that there exists a more substantial relationship between the fatal accident at the Bay St. Louis plant and Cygan’s purchases from Louisiana. It appears that Cygan has even fewer connections to Louisiana than the defendant corporation in the Bosarge ease; only once has Cygan ever sent representa *853 tives into the state on an official basis, and the company has never sold any products ■within Louisiana.
Our review of the record leads us to conclude that Cygan’s contacts with Louisiana are merely isolated and fortuitous. Cygan effected one repair on an item purchased in Pennsylvania and later taken to Louisiana. Various Cygan employees made a few pleasure trips into New Orleans. In connection with the Bay St. Louis project, Cygan purchased materials from the closest suppliers, some of which were in Louisiana.- These sparse connections alone do not constitute transacting business in Louisiana.
We need not address the question of fairness in bringing Cygan under Louisiana jurisdiction, as plaintiff has failed to meet her burden under the first part of the test. It is evident that Cygan does not have the “continuous and systematic” connections with Louisiana that would be necessary to support general jurisdiction.
IsAccordingly, for the reasons given, we affirm the judgment of the trial court sustaining defendant’s exception of lack of personal jurisdiction.

AFFIRMED.