^ARMSTRONG, Judge.
Plaintiffs, Markos Kountouroudas and Georgios Zervoudis, appeal the dismissal of their action, with prejudice, against defendant, Endeavor Overseas, S.A. (“Endeavor”), on Endeavor’s exception of lack of personal jurisdiction. We now affirm the judgment of the trial court.
Plaintiffs filed the instant suit in October, 1994, naming as defendants Endeavor, Lucas Ktistakis and Alma Shipping and Trading, S.A. (“Alma”). Plaintiffs alleged that Ktis-takis, the president and director of Endeav- or, a Panamanian corporation, delivered stock certificates representing 200 shares of Endeavor stock to Zervoudis, and 400 shares of Endeavor stock to Kountouroudas. Plaintiffs allege that Ktistakis later asked for the stock back so he could sell the principal asset of Endeavor, the M/V NIKOLAS K. He allegedly promised to give them proceeds from the sale of the vessel according to their respective percentages |2of Endeavor stock. Instead, it is alleged that Ktistakis caused Endeavor to authorize the sale of the vessel in April, 1990 for $1,640,000.00 and caused the purchase price to be paid to Alma, a Panamanian corporation plaintiffs claim was controlled by Ktistakis. The plaintiffs claim a breach of “the contractual and fiduciary obligations of defendants Ktistakis and Endeavor.”
Endeavor filed an exception of lack of personal jurisdiction which the trial court maintained. The trial court found that Endeavor had not had any contacts with Louisiana since 1990, more than four years prior to the filing of suit, that even before then the contacts were sporadic at best — the M/V NIKO-LAS K occasionally visited Louisiana. The court noted that Endeavor was not incorpo *1137 rated in Louisiana, not licensed to do business in Louisiana and maintained no office in Louisiana. The court stated there was no evidence presented which established the necessary minimum contacts to invoke personal jurisdiction over Endeavor. The plaintiffs filed a motion for new trial which was denied by the court.
On appeal, plaintiffs first claim the trial court erred in failing to allow them sufficient opportunity to undertake discovery to demonstrate minimum contacts between Endeav- or and Louisiana before ruling on the defendants’ exception. Counsel on appeal, who were not representing plaintiffs at the trial court level, argue that little discovery, if any, was undertaken prior to the trial court granting Endeavor’s exception. Counsel submit that defendants insisted that discovery not be taken until the exceptions were resolved, effectively precluding plaintiffs from undertaking discovery. We reject this assignment of error for several reasons. First, plaintiffs filed a motion on February 21, 1995, to set the defendants’ declinatory and dilatory exceptions for trial. Pursuant to plaintiffs’ motion, trial |3of the exceptions was set for March 21, 1995. Plaintiffs cannot now allege the trial court heard the exceptions prematurely on January 5, 1996, after having had them set for trial as early as March 21, 1995.
Second, the record reflects that the trial court compelled the defendants to produce numerous documents sought by plaintiffs which related to Endeavor’s contacts with Louisiana. On or about February 7, 1995, plaintiffs propounded their first request for production of documents to defendants. Defendants objected to most of the plaintiffs’ requests for documents. The plaintiffs filed a motion to compel production. On June 19, 1995, the trial court ordered defendants to produce certain documents requested by the plaintiffs, including what appears to be virtually all of the documents sought which might have revealed Endeavor’s contacts with Louisiana. While defendants filed a motion for protective order as to these documents, the record does not reflect any trial court action on this motion. Presumably, the plaintiffs received these documents. Finally, there is no indication in the record that the plaintiffs ever sought more time to conduct discovery before trial of the exceptions.
Plaintiffs’ primary claim of error is that the trial court erred in finding that minimum contacts did not exist between Endeavor and Louisiana, and in using a general jurisdiction analysis instead of a specific jurisdiction analysis. Defendants make a threshold argument that because the plaintiffs did not argue specific jurisdiction at the trial court level they should not now be allowed to make this argument. We disagree. At issue was whether the evidence produced established that Louisiana courts had personal jurisdiction over Endeavor, regardless of what analysis was used to make that determination. The trial court’s factual findings are subject to the manifestly erroneous standard of appellate review. Jurisdiction itself |4is question of law subject to de novo review. Salley v. Colonial Marine Industries, Inc., 95-2215 (La.App. 4th Cir. 9/11/96), 680 So.2d 1242.
Under Louisiana’s “long-arm statute,” a Louisiana court may exercise personal jurisdiction over a nonresident defendant “on any basis ... consistent with the [U.S.] Constitution.” La. R.S. 13:3201. The exercise of personal jurisdiction requires a court to determine whether the defendant has minimum contacts with the forum state such that the maintenance of the suit will not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Lewis v. Industrial Demolishers, Inc., 96-0773, 96-0774 (La.App. 4th Cir. 10/23/96), 683 So.2d 850, writ denied, 96-2725 (La.1/6/97), 685 So.2d 116. A two-part test is employed. First, the defendant’s connections to the forum state are examined to determine whether they reach the level required for “minimum contacts;”’ then, the fairness of trying the defendant in the forum state is questioned. Lewis, supra. This two-part test applies to the analysis of both specific and general jurisdiction questions, de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103 (La.1991). A state exercises “general jurisdiction” when the cause of action against the defendant does not arise out of the defendant’s contacts with *1138 the state. A state exercises “specific jurisdiction” when the cause of action against the defendant arises out of or is related to the defendant’s contacts with the state, de Reyes, supra; Lewis, supra. The burden is on the plaintiff to show that the defendant has established the necessary minimum contacts with the forum state. Once that burden has been met, the burden shifts to the defendant to show that considerations of fair play and substantial justice render the exercise of jurisdiction unreasonable, de Reyes, supra. The general rule is that personal jurisdiction is determined as of the time |5of filing, de Reyes, supra. The allegations of a petition must be accepted as true for purposes of disposing of an exception of lack of personal jurisdiction. State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708 (1936). See also: Succession of Jeffress, 403 So.2d 821 (La. App. 2d Cir.1981).
Plaintiffs, both residents of Jefferson Parish, allege in their petition that Ktistakis was the president and a “director” of Endeavor. In his affidavit Ktistakis admits he is the president of Endeavor and a member of its board of directors. They allege Ktistakis gave them the stock in consideration for services rendered. They allege he obtained the return of the stock promising to give them a proportionate share of the proceeds from the sale of the vessel. It is not specifically alleged in the petition where the stock was transferred to the plaintiffs, but it is generally alleged that “[t]he contractual obligations sued upon were confected in and/or were to be performed in this Parish” and that “[t]he wrongful conduct sued upon herein occurred in, and/or damages were sustained in, this, [presumably Orleans] Parish.”
In an affidavit, Ktistakis states that Endeavor is a Panamanian corporation domiciled in Panama City, Panama; has never registered or qualified to do business in Louisiana; does not maintain a branch, satellite or affiliate in Louisiana; Endeavor does not maintain a bank account, or have telephone or telefacsimile listing, or maintain a post office box in Louisiana; Endeavor has never made a filing with the Louisiana Secretary of State; Endeavor has never paid taxes to any Louisiana taxing authority or municipality located in Louisiana; Endeavor has no employees in Louisiana; Endeavor has never advertised in Louisiana; Endeavor does not do business in Louisiana but that before it sold the M/V NIKOLAS K in 1990, the vessel came into Louisiana ports “from time to | fitime” to receive cargo. In a December, 1995 supplemental affidavit, Ktistakis attests that, while he was issued one hundred bearer shares of stock in Endeavor in 1989, he did not issue or transfer any Endeavor stock to the plaintiffs; did not promise or agree to give any Endeavor stock to the plaintiffs; or instruct any attorneys to prepare paperwork to issue any Endeavor stock to the plaintiffs.
One of the plaintiffs, George Zervoudis, executed an “Extra Judicial Notice” in Greece, dated April 8, 1994, stating that he owned 200 shares of Endeavor; that Endeav- or owned the M/V NIKOLAS K; that the management of Endeavor was performed by the Greek office of the company; that the “management of the vessel was de facto performed by” Ktistakis; that he and Ktistakis agreed to sell the M/V NIKOLAS K; that Ktistakis requested a “special authority” from him to sell the vessel; that Ktistakis sold the vessel in Greece and deposited the proceeds in Alma’s bank account.
At the hearing on exceptions, the plaintiffs informed the court that they had evidence in their possession showing that Endeavor had been sued four times in Louisiana courts and held shareholder’s meetings in New Orleans on at least two occasions. Counsel for plaintiffs also mentioned they had a copy of a ship mortgage executed by Ktistakis in Orleans Parish in 1984. This evidence was to be presented to the court in a supplemental memorandum. That memorandum was filed on January 9,1996. The trial court rendered its judgment granting Endeavor’s exception on January 5, 1996, after stating that it intended to consider the supplemental memorandum. The court apparently did not fully consider this supplemental information. For that reason, and because the evidence is contained the record, we will consider this supplemental material in reaching our decision.
| 7PIaintiffs presented evidence, consisting of various pleadings, that Endeavor was. sued in U.S. District Court for the Eastern Dis *1139 trict of Louisiana four times. The first instance was in connection with the 1988 death of a seaman occurring on board the M/V NIKOLAS K while it was outside U.S. territorial waters. Endeavor moved to dismiss on grounds that the court lacked personal jurisdiction. The second instance was in connection with a 1988 “maritime casualty” wherein the plaintiffs vessel was grounded in a Venezuelan river allegedly as the result of the negligent navigation of the M/V NIKOLAS K. There is no indication that Endeavor raised the issue of the court’s personal jurisdiction over it in this suit. The third instance involved a claim for damages resulting from personal injuries sustained on board the M/V NIKOLAS K. There is no indication Endeavor raised the issue of the court’s personal jurisdiction over it in this suit. Evidence of a fourth suit consists of a joint motion to dismiss the suit on behalf of the plaintiff and Endeavor and Alma, and the June 1991 order of dismissal. This suit also involved the M/V NIKOLAS K. .
Plaintiffs also presented a 1984 resolution by the board of directors of Endeavor appointing defendant Lucas Ktistakis as president, and Kathryn Ktistakis as secretary-treasurer. The resolution was passed and signed by a majority of the board of directors, that majority consisting of Lucas Ktistakis and Kathryn Ktistakis,’ wife of Lucas Ktistakis. Plaintiffs also presented evidence of another board of directors meeting held in New Orleans, this one on February, 1990, with Lucas Ktistakis and Kathryn Ktis-takis present. Finally, plaintiffs presented a copy of a ship mortgage executed in Orleans Parish in 1984 by Lucas Ktistakis as president of Endeavor.

|8Specific Jurisdiction

Minimum contacts are sufficient for the exercise of specific jurisdiction when the defendant has purposefully directed his activities at residents of the forum and the litigation results from injuries arising out of or relating to those activities, de Reyes; supra. We find the evidence contained in the record does not establish the requisites for specific jurisdiction. Plaintiffs claim that Louisiana has specific jurisdiction over Endeavor because Ktistakis, acting on behalf of Endeav- or, entered into a contractual relationship with them, and that, generally, Endeavor was engaging in business activities in Louisiana. Ktistakis disputes in his affidavits all of the critical allegations of the plaintiffs’ petition, including transferring them stock or promising to give them proceeds of the sale of the M/V NIKOLAS K. But, more importantly, even assuming Ktistakis transferred Endeav- or stock to the plaintiffs and promised to give them proceeds from the sale of the vessel in exchange for the return of the stock to him, there is nothing in the record to suggest that Ktistakis did these acts in other than an individual capacity. The crucial issue for purposes of determining whether Louisiana courts have specific jurisdiction over the corporation Endeavor is whether a representative of Endeavor engaged in these activities in Louisiana on behalf of Endeavor. The record furnishes no such evidence.
Endeavor’s actions in defending itself in the four lawsuits arising out of incidents outside of Louisiana and U.S. territorial waters do not constitute doing or transacting business in Louisiana. These lawsuits arose out of Endeavor’s ownership of the M/V NIKOLAS K, which it sold in 1990. While these suits may indeed be evidence that Endeavor might not be surprised to be named as a defendant in a Louisiana lawsuit related to its ownership of the M/V NIKO-LAS RE, it does not follow that, therefore, Endeavor was engaging in the type of business activities within this state which should subject it to the jurisdiction of Louisiana courts. In one of the lawsuit pleadings submitted by the plaintiffs, Endeavor asserts it did not even operate and manage the M/V NIKOLAS; another foreign corporation, Alma, engaged in those day-to-day business activities. For the same reasons, the execution of a ship mortgage and the holding of two meetings of the board of directors of this closely-held foreign corporation are not the types of business activity which would reasonably subject Endeavor to the jurisdiction of Louisiana courts. Nor do we find that Lucas Ktistakis’s actions in executing a ship mortgage and participating in two board of directors meetings in his capacity as president and a member of the board of directors *1140 of Endeavor, respectively, operate to color his alleged transfer of stock to the plaintiffs as having been done in a corporate capacity on behalf of Endeavor.
There is no question but that Endeavor’s president and secretary-treasurer are Louisiana residents and that they have availed themselves of the laws, protections and privileges of living in the State of Louisiana. However, we do not find that the Panamanian corporation Endeavor, with its principal office in Greece, has availed itself of the laws, protections and privileges of transacting and conducting business in the State of Louisiana. We find the record fails to substantiate plaintiffs’ claim that Louisiana courts have the power and right to exercise personal jurisdiction over Endeavor under a specific jurisdiction analysis. We find no support for the plaintiffs position in Escoto v. U.S. Lending Corporation, 95-2692 (La.App. 4th Cir. 5/22/96), 675 So.2d 741, writ denied, 96-1634 (La.9/27/96), 679 So.2d 1343, wherein this court found that Louisiana |10 mcourts had personal jurisdiction over an individual who marketed securities in a corporate capacity.

General Jurisdiction

General jurisdiction requires more substantial contacts with the forum state than specific jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (no general jurisdiction because foreign corporation’s contacts with the forum did not amount to “continuous and systematic” activity). As reflected above, the record does not show continuous and systematic activity by Endeavor in the State of Louisiana. Clearly, these contacts are insufficient to establish the minimum contacts necessary for Louisiana to exercise personal jurisdiction over Endeavor under a general jurisdiction analysis.

New Trial

Plaintiffs claim the trial court erred in failing to grant their motion for a new trial. We disagree. Considering all of the evidence, we cannot say the judgment of the trial court maintaining Endeavor’s exception of lack of personal jurisdiction was contrary to the law and evidence. La. C.C.P. art. 1972(1). Nor do we find that the plaintiffs have discovered any new evidence important to the cause which, by the exercise of due diligence, could not have been discovered before trial. La. C.C.P. art.l972(2). Finally, we see no grounds for having granted a new trial and cannot say the trial court would have abused its discretion had it denied plaintiffs’ motion under La. C.C.P. art.1973.
| iiDismissal With Prejudice
The trial court dismissed plaintiffs action “with prejudice.” Plaintiffs seek to have this court amend the judgment of the trial court to dismiss their suit “without prejudice” so they may refile their suit against Endeavor. Plaintiffs claim that there is “ample jurisprudence, together with statutory authority ... to suggest the trial court’s ruling [sustaining the exception and dismissing their suit] was clearly erroneous.” Plaintiffs thus argue that their action should not have been dismissed “with prejudice.” We disagree. La. C.C.P. art. 932, cited by plaintiffs, provides in pertinent part:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If this court believed, after the trial court’s contradictory hearing on Endeavor’s exception, and our consideration of the plaintiffs’ supplemental memorandum and attachments, that plaintiffs could amend their petition to remove the grounds of the objection of lack of personal jurisdiction, we would amend the judgment of the trial court to remand the ease to allow them to do so. Plaintiffs were aware the trial court was going to rule on Endeavor’s exception after trial of the matter, although it did so prior to the submission of their supplemental memorandum. We fully considered the additional evidence attached to that supplemental memorandum. However, we will amend the judgment of the trial court to dismiss plaintiffs’ action without prejudice to reassert their demands in a proper jurisdiction.
*1141 | i2For the foregoing reasons, we amend the judgment of the trial court to dismiss plaintiffs’ action without prejudice to reassert their demands in a proper jurisdiction. We affirm the judgment of the trial court as amended.

AMENDED; AFFIRMED AS AMENDED.