DANIEL L. DYSART, Judge.
| ,01011 Armstrong was suspended from the practice of medicine in 2002. In 2005, Armstrong applied to have his license reinstated. Prior to granting the reinstatement, the Louisiana State Board of Medical Examiners (“Board”) ordered him to submit to a competency evaluation. Based on the results of the competency evaluation, which indicated Armstrong had broad deficiencies in his medical skills, the Board ordered that Armstrong’s license remain in suspension until he successfully completed an approved residency program.
In 2013, Armstrong informed the Board by letter that he had been unsuccessful in being admitted to an approved residency program; and he therefore requested to be placed on the Board’s agenda so that he might explain his circumstances to the Board in person. Following the meeting, the Board again informed Armstrong that it would not waive its requirement that he participate in a residency program prior to reinstating his license.
On August 3, 2015, Armstrong filed a petition in Civil District Court for the Parish of Orleans, seeking to have the court reinstate his license. The Board filed | gExceptions of Lack of Subject Matter Jurisdiction and Prescription, with exhibits consisting of the Board’s records pertaining to Armstrong. Armstrong filed an Answer to the Rule to Show Cause, setting forth mitigating and extenuating circumstances. This answer ostensibly explains why Armstrong did not comply with the orders of the Board.
Following a hearing, the trial court granted the Board’s exceptions, and dismissed Armstrong’s case, with prejudice. This appeal follows.
DISCUSSION:
Armstrong appeals arguing that he did not receive due process as his Answer to the Rule to Show Cause was not reviewed by the trial court or served on the defendant.[1] Thus, the ruling of the trial court was based on incomplete information.
The Board explains that as it is an administrative agency of the State of Louisiana, it is subject to the provisions of the Louisiana Administrative Procedure Act, La. R.S. 49:950, et seq. (“APA”). Pursuant to the Act, a person who is aggrieved by a decision of a state agency, may petition the court for judicial review subject to the following conditions:
Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon.
La. R.S. 49:964 B.
IsClearly, Armstrong did not petition the court timely for review of any of the Board’s decisions. His initial suspension was in 2002. The decision of the Board to require a competency evaluation before reinstating his license was issued in 2005. The order requiring Armstrong to complete a residency program, a decision based on the results of the competency evaluation, was issued in 2008. Last, on July 23, 2013, the Board responded in the negative to Armstrong’s request that the residency program requirement be waived. Armstrong did not file his petition until August 3,2015.
*858 While the district court’s factual findings are subject to the manifest error standard of appellate review,, jurisdiction itself is a question of law subject to de novó review. Winston v. Millaud, 05-0338, p. 5 (La.App. 4 Cir. 4/12/06), 930 So.2d 144, 149, citing Sunrise Shipping Agency, Inc. v. Universal Maritime Services, Ltd., 96-2703, pp. 3-4 (La.App. 4 Cir. 10/3/97), 700 So.2d 1135, 1137. An exception of prescription is also reviewed de novo. Albe v. City of New Orleans, 14-0186, p. 6 (La.App. 4 Cir. 9/17/14), 150 So.3d 361, writ denied, 14-2166 (La.12/8/14), 153 So.3d 445.
As stated'above La. R.S. 49:964 B sets forth á peremptive period of thirty days in which a party aggrieved by an administrative agency’s ruling may file a petition in district court. As all of Armstrong’s allegations relate to decisions and orders of the Board, he had thirty days from the date of each decision or order to file for review in the district court. The record clearly shows that he did not do so.
^Further, there is nothing in the record to indicate that Armstrong was not aware of the decisions of the Board, which would have prevented him from timely seeking review. Indeed, ’Armstrong admitted at the hearing that he knew his petition was not timely, but-offered mitigating and extenuating circumstances as to why he did not file timely. ’ He also did not dispute that there was a statutory peremptive period.
Louisiana Code of Civil Procedure art. 3458 defines peremption as “a period of time fixed by law for- the existence of a right, Unless timely, exercised, the right is extinguished upon the expiration of the peremptive period.” The first action taken by Armstrong in the district court was the filing of his petition on August 3, 2015, more than two years after the last action by the Board. His case is clearly per-empted. -
Accordingly, we affirm the judgment of the trial court.
AFFIRMED
LOBRANO, J., concurs in the result.

. Armstrong’s referenced pleadings are con-tamed in the record.