341 So.2d 55 (1976)
Jo Ann McGOWEN, Plaintiff-Appellant,
v.
C. A. PRENTICE, Jr., Defendant-Appellee.
No. 5747.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Rehearing Denied January 26, 1977.
*56 L. H. Olivier, Lafayette, for plaintiff-appellant.
Armentor & Wattigny by Minos H. Armentor, New Iberia, for defendant-appellee.
Before CULPEPPER, WATSON and GUIDRY, JJ.
WATSON, Judge.
This is an appeal from a judgment holding that the defendant-principal did not defame the plaintiff-teacher by recommending to the school board that the plaintiff-teacher not be re-hired, or by referring to her and another teacher as "both nuts". Plaintiff is Jo Ann McGowen, a non-tenured teacher at Jeanerette Senior High School and defendant is C. A. Prentice, Jr., the principal of that school.
Ms. McGowen's petition of July, 1974, claimed damages for defamation in the sum of $250,000. She alleged that, as a result of the misrepresentations and defamation of defendant Prentice: her reputation in the community had been damaged; she had been subjected to mental and emotional distress; and she had lost her employment as a teacher at Jeanerette High School in Iberia Parish, Louisiana. The alleged defamation consisted of:
"... statements concerning plaintiff's abilities and competence as a teacher, at a time when he knew or should have known that these statements were false and incorrect; and
"... representation to the superintendent of the school and/or the school board of the parish of Iberia, which he knew or should have known to be incorrect and of a defamatory nature." (TR. 4)
Mr. Prentice answered: that, as principal of Jeanerette High School, he evaluated plaintiff in the performance of her duties; that he did recommend in May of 1974 that plaintiff not be re-hired for the 1974-1975 term; that such recommendation was made in good faith, without malice, in the performance of his duty to the Iberia Parish School Board, which had a lawful interest in the report; and that his recommendation enjoyed a qualified or conditional privilege.
A motion for summary judgment by defendant Prentice was denied; the case was tried on the merits; and the trial court decided in favor of Mr. Prentice, dismissing Ms. McGowen's suit.
Plaintiff contends on appeal that the trial court erred:
"1. In failing to find that the plaintiff had been defamed and damaged when defendant-appellee referred to her as `nuts'.
"2. In failing to find that plaintiff-appellant had been defamed in the recommendation that she not be re-hired at a time when he knew, or should have known, that his recommendations concerning her performances was untruthful."
The decisive issue on appeal is whether Mr. Prentice defamed Ms. McGowen by: (a) recommending that she not be re-hired; or (b) referring to her as "nuts".
The record is voluminous concerning Ms. McGowen's teaching, her relationship with the students, the situation at Jeanerette High School, the evaluation of her capabilities and similar matters. Much of the evidence is not material to the issue of defamation but concerns whether Mr. Prentice was right in his recommendation.
The trial court held that the vast preponderance of the evidence supported the recommendation of Mr. Prentice, and, while we have serious doubts that it was necessary for the trial court to make such a determination or for us to decide that point, it appears that there is more than an ample evidentiary basis for the trial court's conclusion.
*57 Defamation is a statement which exposes a person to contempt, hatred, ridicule or obloquy. Brown v. News-World Publishing Corp., 245 So.2d 430 (La.App. 2 Cir. 1971); Moresi v. Teche Publishing Company, Inc., 298 So.2d 901 (La.App. 3 Cir. 1974), writ refused, 302 So.2d 309 (La.).
The actual recommendation in this case was in a letter addressed to George Crowson, assistant superintendent of the Iberia Parish school system, which reads in its entirety as follows:
"This is in response to your letter of April 23, 1974 regarding Jo Ann P. McGowen. "In view of the circumstances and facts relating to this teacher I reluctantly but firmly recommend that, in the interest of Jeanerette High School, she not be rehired for the 1974-1975 school year." (P1, TR. 32)
The letter was signed by defendant Prentice; it is on his stationery which indicates that he is principal of Jeanerette Senior High School. This letter is not defamatory. The major thrust of plaintiff's evidence is that Prentice was wrong in recommending against her re-hiring, but that question is for the school board and the school officials, not for the courts. Therefore, we conclude, as did the trial court, that the defendant did not defame the plaintiff in recommending that she not be rehired.
In addition to finding that the recommendation by the principal not to re-hire the teacher did not constitute defamation, we note that, even if there had been a defamatory communication from the principal to the school board, the plea of privilege would have been available as a defense. A good faith communication (there was no showing of bad faith on the part of Prentice) between parties sharing an interest or duty (here providing good teachers in the public schools) enjoys a privilege against suit for defamation in Louisiana. Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958); Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2 Cir. 1975). The school officials and school board had a lawful interest along with the principal in the subject matter on which the principal reported, that is, the qualifications of Ms. McGowen. Even if Prentice had defamed Ms. McGowen in making his report to the school board, on the present record he could have claimed the defense of privilege.
Next, plaintiff contends that defendant defamed her by a remark made in the teacher's lounge of the high school. No specific reference was made to this remark in the pleadings, but the evidence was admitted without objection. The incident occurred when Ms. McGowen entered the lounge while Mr. Prentice was speaking about one Sue Cox, a teacher at another school. The incident was described by plaintiff as follows:
"A. Sue teaches speech at Senior High in New Iberia, and I guess I felt kind of prone tohe was saying that she was a strange bird; that she did things in a strange way; that she didn't fit in with the people around here, and so forth.
"Q. Let me be sure I understand you. At that time we're talking about she was teaching in New Iberia High School?
"A. She does.
"Q. And you were teaching in Jeanerette?
"A. Jeanerette.
"Q. I see.
"A. I guess the reason that I felt inclined to defend Sue, was that shethat first year that I had to teach that speech, she was very helpful to me in setting up a program of study for the year, and if it hadn't been for that, I would have really been lost. And so I justI wasn't rude with Mr. Prentice or anything. I just said, well, you know, Sue isn't from here. She's fromshe's a Texan, and sometimes she doesn't understand the way we cooneys do things, you know, and I said, while she does do strange things, she's a very talented school teacher, and he held his coffee cup up, and looked at me, and he said, that's why you understand her so well, because you all are both nuts." (TR. 590-591)
A witness to this incident was Sheryl Mouhot, another teacher at the Jeanerette *58 School. Ms. Mouhot recalled the conversation much as plaintiff described it but testified that the principal could have meant the remark as a joke.
The trial court held, considering the circumstances of the remark, that it did not constitute a defamatory statement. The trial court noted that casual remarks made in informal conversation, even if they include unflattering words, do not constitute actionable defamation. We agree with the analysis of the trial court.
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff-appellant is cast to pay all costs.
AFFIRMED.