472 So.2d 274 (1985)
Frank J. CAVALIER
v.
The HOUMA COURIER NEWSPAPER CORPORATION.
Nos. CW 84/1183, CW 85/0230.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*275 Ronald L. Menville, Houma, for plaintiff and appelleeFrank J. Cavalier.
Randall L. Bethancourt, Houma, for defendant and appellantRonnie J. Duplantis and American Druggists Ins. Co.
Jack M. Weiss, New Orleans, for defendantHouma Courier Newspaper Corp.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
GROVER L. COVINGTON, Chief Judge.
This case is before us on remand from the Supreme Court. 460 So.2d 595 (1984). The plaintiff, Frank J. Cavalier, filed suit against the Houma Courier Newspaper Corporation, alleging that he was defamed by a news article reporting a criminal arrest at his grocery store. The newspaper moved for a summary judgment; the plaintiff then amended his petition to join Ronnie J. Duplantis, former Sheriff of Terrebonne Parish and his insurer, American Southern Company.[1] The motion for summary judgment filed by the newspaper was denied after a hearing, and the newspaper applied for writs of certiorari, prohibition and mandamus to this court, which were denied. Thereupon the newspaper applied for writs to the Louisiana Supreme Court, which granted them, together with an order remanding the matter to this court for briefing, argument and an opinion. While this matter was under consideration by the Supreme Court, the Sheriff and his insurer moved for a summary judgment, which was also denied. A writ application was *276 filed in this court and it has been consolidated with the newspaper's writ.
The newspaper article reads in part as follows:
Five south Louisiana residents were arrested on various drug related charges after area lawmen raided a drug deal at a Gibson grocery store Wednesday.
Narcotics agents from the Terrebonne Parish Sheriff's Office, Houma Police Department and Region II of the Louisiana State Police converged on Cavalier's Grocery Store in Gibson Wednesday night to make the arrests. Terrebonne Parish Sheriff Ronnie Duplantis said. The grocery store was not identified by Duplantis but was listed in sheriff's office records.
The sheriff's news release, on which this article was based, did not name the grocery store, but the reporter found the name in the sheriff's office records. The cause of the alleged defamation is the newspaper's failure to state that the arrests took place not in the grocery store, but in an adjacent parking lot late at night and after the store had closed.
Plaintiff's contention is that the article is misleading in that it implies that the criminal activity occurred on the premises of plaintiff's grocery store, when in fact it did not.
The threshold issue in this matter is the proper use of summary judgment to dispose of the preliminary question of whether the newspaper article is defamatory. Summary judgment has been recognized as the proper procedure with which to dispose of defamation cases. Kidder v. Anderson, 354 So.2d 1306 (La.1978). The plaintiff in a defamation case must bear the considerable burden of showing that he can produce sufficient evidence at trial to prove with convincing clarity that the defendant made false statements in the news article and that he either knew the statements were false or that he recklessly disregarded the question of their falsity. Weatherall v. Department of Health and Human Resources, 432 So.2d 988 (La.App. 1st Cir.1983). From the pleadings and affidavits filed by both the newspaper and Cavalier there is no genuine issue of material fact. The only alleged issue is the inference to be made from the omission of a clarifying statement making the distinction between the location of the arrest and the landmark used to identify that location. There is no suggestion that the plaintiff was personally involved in the criminal activity or that he was a suspect in the drug deal. His only connection to the article is the use of his surname in connection with the grocery store.
Defamation has been held, in a case such as this one, to be a statement which tends to cause a person to be shunned or avoided, or to deprive him of public confidence, or injure him in his occupation. Weatherall v. Department of Health and Human Resources; Brown v. News-World Publishing Corp., 245 So.2d 430 (La.App. 2nd Cir.1971). Cavalier argues that he has been defamed as defined by these cases, because his store will be avoided by people believing that it was the scene of a drug bust. We find no merit in this argument because the naming of a location in reference to the arrest did not imply participation in the crime by the owner of the business referred to by the newspaper. Additionally, it is to be noted that the reference to the location was an accurate one, and there is no indication that it was made with any malice on the part of the reporter.
With respect to the sheriff's alleged negligence regarding the news release from the sheriff's office, we find that it contained neither defamatory statements nor negligent omissions. The news release did not name the grocery store, and positively identified the arrested persons without making any suggestion that the plaintiff was implicated in the drug deal or with those arrested. Consequently, the plaintiff has failed to show that he was defamed by the news release.
For the reasons assigned, the judgments of the trial court are reversed and the motions for summary judgment are granted, dismissing plaintiff's suit against all *277 defendants. All costs in the trial court and court of appeal are to be borne by the plaintiff.
REVERSED AND RENDERED.
GROVER L. COVINGTON, Chief Judge, specially concurring:
My basic belief in responsible journalism is evidenced by my opinion in Kidder v. Anderson, 345 So.2d 922 (La.App. 1 Cir. 1977) and that of my learned brother and then panel member, Judge Cole, in Roshto v. Hebert, 413 So.2d 927 (La.App. 1 Cir. 1982). However, our Supreme Court did not agree with us, reversing at 354 So.2d 1306 (La.1978) and 439 So.2d 428 (La.1983), respectively. Therefore, in view of these two cases, and especially Kidder, I reluctantly author the instant opinion.
NOTES
[1] In his second supplemental and amending petition, the plaintiff named American Druggist[s'] Insurance Company as a party defendant and the liability insurer of defendant Duplantis. Subsequently, on motion of plaintiff, American Southern Insurance Company was dismissed from the suit, with prejudice, and it is no longer a party to this action.