482 So.2d 1092 (1986)
DWIGHT W. ANDRUS INSURANCE, INC., et al, Plaintiffs-Respondents,
v.
The ABELLOR CORPORATION, d/b/a KATC-TV 3, Defendant-Relator.
No. 85-869.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
Writ Denied April 11, 1986.
*1093 Voorhies & Labbe, W. Gerald Gaudet, Lafayette, for defendant-relator.
Davidson, Meaux, Sonnier & McElligott, V. Farley Sonnier, Lafayette, for plaintiffs-respondents.
Before FORET, YELVERTON and KING, JJ.
FORET, Judge.
This is a defamation suit. Plaintiff, Dwight W. Andrus Insurance, Inc., filed suit against defendant, The Abellor Corporation, seeking damages for an allegedly defamatory telecast. Plaintiff's petition was amended to add as plaintiffs the two owners of Dwight W. Andrus Insurance, Inc., Dwight W. Andrus and Dwight W. Andrus, Jr. Defendant filed a motion for summary judgment and plaintiff filed one for partial summary judgment. The trial court denied both motions. Defendant applied to this Court for supervisory writs, and we granted them to determine if the trial court should have granted defendant's motion for summary judgment.

FACTS
Plaintiff, Dwight W. Andrus Insurance, Inc. (Andrus), is a local, family-owned (father and son) insurance agency doing business in Lafayette.
A lawsuit filed on February 23, 1984 named Andrus as a defendant. Andrus was one of seven defendants named in the lawsuit which was brought by The Louisiana Oilfield Contractors Association, an association made up primarily of companies based in or operating in the Lafayette area, and by a trust set up by the association. The suit was styled "The Louisiana Oilfield Contractors Association, Inc. and The Louisiana Oilfield Contractors Association, Inc. Employee Benefit Trust v. International Surplus Lines Insurance Company, et al." The petition alleged that Andrus was the major party responsible for establishing a group health program for plaintiff, The Louisiana Oilfield Contractors Association, Inc. It averred that there were deficiencies in the group health plan and alleged that one or more defendants named in the lawsuit had caused certain documents to be forged or fraudulently prepared.
Several television broadcasts aired by defendant, the Abellor Corporation, on or about February 27, 1984, concerned the recently filed lawsuit. These broadcasts were couched in the same general terms as the lawsuit. Graphics on the telecasts announced the lawsuit as: "Louisiana Oilfield Contractors v. Dwight Andrus Insurance, International Surplus Lines, Income Securities Corporation." In one telecast, typical of all the telecasts reporting on the lawsuit, the reporter, Dorothy Harrington, said:
"A LAFAYETTE INSURANCE COMPANY IS ONE OF SEVEN COMPANIES NAMED IN A 57-MILLION DOLLAR LAWSUIT FILED BY THE LOUISIANA OILFIELD CONTRACTORS ASSOCIATION.
DWIGHT ANDRUS INSURANCE AND THE OTHER COMPANIES ARE ACCUSED OF ADVISING THE CONTRACTORS ASSOCIATION TO FORM AN EMPLOYEES BENEFIT TRUST WHICH THE SUIT CLAIMS WAS BOTH INADQUATELY FUNDED AND IMPROPERLY INSURED.
THE SUIT ALSO CLAIMS THE INSURORS FORGED SIGNATURES OF ASSOCIATION OFFICIALS.. ALL RESULTING IN DAMAGE TO REPUTATION, LOSS OF MEMBERSHIP AND PUNITIVE DAMAGES.
EFFORTS TO CONTACT ANDRUS WERE UNSUCCESSFUL."

SUMMARY JUDGMENT
In cases affecting the exercise of First Amendment liberties, proper summary judgment practice is essential. Summary judgment adjudication is a tool for avoiding the unnecessary harassment of defendants by unmeritorius actions which threaten the free exercise of the rights of speech "in" or "by" the press. Mashburn v. Collin, 355 *1094 So.2d 879 (La.1977). For these reasons, the plaintiff in a defamation action who opposes summary judgment bears a burden of proof which is more onerous than usual. Among other things, the plaintiff-opponent must show that he can produce sufficient evidence at trial to prove with convincing clarity that the statements made were false. Cavalier v. Houma Courier Newspaper, 472 So.2d 274 (La.App. 1 Cir.1985). We find that Andrus has failed to make the necessary showing and that the trial court should have granted defendant's motion for summary judgment.
Andrus has strenuously contended that it was not a public figure for the purposes of this action. However, plaintiff's status in this regard is not crucial for our determination. Undeniably, the suit against Andrus and the other defendants was a matter of public interest. The Louisiana Oilfield Contractors Ass'n., one of the plaintiffs in that suit, was, for the most part, made up of companies based in and operating in Lafayette. The state of the Association's health care and major medical plans was a legitimate concern of all of the employees of those companies who resided in and around Lafayette. Andrus, as an insurance company, was actively engaged in advertising and seeking commercial patronage. See Mashburn v. Collin, supra. In a defamation action in which the plaintiff seeks to hold the news media liable for the reporting of information which is legitimately a matter of public interest, the truth of the report would appear to be an absolute defense. What is more, when the matter of public interest reported involves legal and judicial proceedings and records, not every error or inaccuracy will be actionable. In such a case, an error will only give rise to liability if it is a significant variation from the truth. Bill Partin Jewelry, Inc. v. Smith, 467 So.2d 188 (La.App. 3 Cir.1985). Construing all of the evidence in favor of plaintiff-opponent, we must conclude that no reasonable trier of fact could find that the reports complained of contained errors which were significant variations of the truth.
The allegedly defamatory reports were essentially accurate and clearly not actionable. Plaintiff has complained that the graphic used in the telecast did not accurately reflect the manner in which the lawsuit was styled. This graphic presented the suit as "Louisiana Oilfield Contractors v. Dwight Andrus Insurance, International Surplus Lines, Income Securities Corporation", while the suit was actually styled "The Louisiana Oilfield Contractors Association, Inc. and The Louisiana Oilfield Contractors Association, Inc. Employee Benefit Trust v. International Surplus Lines Insurance Company, et al." The graphic, however, does not constitute a significant inaccuracy or falsehood. The graphic did not purport to be the actual caption of the suit. The graphic did, in fact, convey the essential truth, namely, that two local business organizations, Louisiana Oilfield Contractors Association and Andrus, were, respectively, plaintiff and defendant in a lawsuit. Plaintiff argues that the graphic focused undue and unfair attention on Andrus. A reading of the petition filed by Louisiana Oilfield Contractors and the Employee Trust shows that the telecast did not exaggerate the role of Andrus in the lawsuit as reflected by the petition. From the numerous allegations of the petition, it is clear that Andrus was named as an essential figure in the suit.[1]
*1095 Plaintiff has argued that a material issue of fact remains concerning the truth or falsity of the closing remark of the telecast that "Efforts to contact Andrus were unsuccessful." Plaintiff introduced numerous affidavits in an attempt to show that no one employed by Andrus was contacted by the reporter, Dorothy Harrington, concerning the lawsuit. Plaintiff's efforts in this regard do not change our determination that defendant is entitled to summary judgment. That no one at Andrus was contacted does not show that there was no effort made to contact Andrus. More importantly, even if the statement that "Efforts to contact Andrus were unsuccessful" was false, that statement standing alone would not be actionable. "A defamatory statement is one which tends to expose a person to contempt, hatred or ridicule or deprive them of public confidence or injures them in their occupation." Bill Partin Jewelry, Inc. v. Smith, supra; Rennier v. State, Through Dept. of Public Safety, 428 So.2d 1261 (La.App. 3rd Cir.1983); Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980). Under the circumstances of this case, the statement that "Efforts to contact Andrus were unsuccessful" in no way tended to expose Andrus or its two owners to contempt, hatred, or ridicule, or deprive them of public confidence or injure them in their occupation.
In brief, plaintiff has relied heavily on the U.S. Supreme Court case of Time, Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976). This reliance is misplaced. In Firestone, the report published in the defendant's publication was inaccurate. As we have said, we think that defendant's report was essentially accurate. We also feel that, unlike the report in Firestone, defendant's report was fair and did not involve the reporter's choosing from among several conceivable interpretations the one most damaging to plaintiff. Finally, we note that Firestone established a minimum safeguard and as the Supreme Court has said:
"Since the Supreme Court decisions from New York Times through Gertz and Firestone establish only minimum safeguards for the freedom of speech and the freedom of press under the First Amendment, it is permissible and perhaps appropriate for a state to grant broader protection of these important rights under its own constitution or laws." Mashburn v. Collin, supra, pg. 891.

DECREE
For the foregoing reasons, the ruling of the trial court is reversed, and plaintiff's suit is dismissed.
All costs, both on appeal and at the trial level, are assessed against plaintiff, Dwight W. Andrus Insurance, Inc.
REVERSED.
NOTES
[1] Some representative allegations from the petition are:

5.
"Andrus accepted full responsibility and authority over the formulation of the program, including selecting a third party administrator, (Income Security Corporation and/or Gary Felton), adopting a rate structure, insuring that the program was fully funded to the specific and aggregate limits, and obtaining adequate reinsurance for the program as well as fixing premiums for participants, and selling the programs to potential participants, and causing to be established The Louisiana Oilfield Contractors Association, Inc. Employee Benefit Trust.
6.
Defendants, Andrus, after being selected by plaintiff, The Louisiana Oilfield Contractors Association, Inc., to formulate a health care benefits and major medical plan did, in fact, formulate the plan and serve as the managing general agents of such plan, and plaintiffs relied upon the alleged expertise of defendants, Andrus.
7.
Additionally, Andrus prepared correspondence and printed the same on the letterhead of The Louisiana Oilfield Contractors Association, Inc. and The Offshore Pipeline Contractors Association of America promoting the program to members of those associations."