550 So.2d 729 (1989)
Dennis R. LEONARD, Plaintiff-Appellant,
v.
J. Randolph SMITH, et al., Defendant-Appellee.
No. 20750-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
*730 Dennis R. Leonard, Homer, in pro. per.
Joe D. Guerriero, Attorney at Law, Monroe, for defendant-appellee.
Before HALL, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Plaintiff, Dennis R. Leonard, appeals a judgment which sustained an exception of no cause of action and dismissed his suit. Finding the action of the trial court to be correct, we affirm.

FACTS
Plaintiff, a pro se litigant who is an inmate at the Wade Correctional Center, and his brother were arrested on November 26, 1985 and charged with the burglary of a Richland Parish residence. The homeowner also had been stabbed during the commission of the offense. After resolution of the prosecution against him, plaintiff commenced the present litigation for monetary damages against his brother as well as the brother's attorney, J. Randolph Smith, and the malpractice insurer of the attorney. In his original petition, plaintiff alleged the following account of the facts.
After their arrest, plaintiff told his brother, supposedly the original instigator and principal participant in the burglary, that he wished to enter into a plea bargain and pay restitution. However, at the behest of his brother who was attempting to retain counsel and schedule a preliminary examination, plaintiff postponed plea negotiations.
Later plaintiff was informed by his brother that Smith had been retained and had initiated an agreement with plaintiff's attorney by which prior notice would be given before either of the two brothers entered into a plea agreement. Plaintiff agreed to abide by the pact, and once again delayed any action because of his brother's request for additional time to prepare his defense. Subsequently, the brother accepted a plea bargain, and neither he nor Smith provided advance notice to plaintiff or his attorney as contemplated by their agreement.
It was also alleged that plaintiff's defense was harmed by the "defamation, libel, and slander" generated by the brother *731 and Smith. Defendants intentionally caused plaintiff to receive a more harsh and severe sentence, it was asserted, by breaching the agreement and giving erroneous information to investigating officials.
According to the petition, the agreement was used by the brother and Smith as a defensive tactic, and plaintiff's character was damaged by their actions, including intentional delays in the commencement of the proceedings and other "unethical, improper" conduct.
Smith, solely on his own behalf, interposed an exception of no cause of action. After a hearing at which plaintiff was present, the district court sustained the exception and allowed plaintiff fifteen days to amend his pleadings. The record contains no reasons for judgment. An amended petition was filed timely, and the following allegations were presented therein.
A contractual agreement supposedly was confected by Smith and his client with plaintiff and his attorney. However, the agreement's initiators failed to perform their obligations in accordance with LSA-C.C. Art. 1994. Attached to the amended petition, and incorporated by reference, was a letter from Smith to the district attorney which contained "false, slanderous, libelous, inflamatory (sic), derogatory, and malicious" remarks about plaintiff. The letter's purpose was to undermine plaintiff's "prospect of being given a suspended or lesser sentence." The precise content of the letter is the following:
 (EXHIBIT "A")
Re: State of Louisiana
 Versus
 George Wallace Leonard
Dear Mr. Coenen:
I have discussed with Mr. Wally Leonard what have been perceived as possible discrepancies between
his recorded statements and information provided to the probation officers.
Please note in your records that my client stands by the contents of his statements made at Troop F
Headquarters in October of this year.
While Mr. Leonard did not witness the stabbing of Mr. DeLee, only he, Dennis Leonard and the victim
were present at the time; accordingly, it is my client's logical understanding and conclusion that his
older brother inflicted the injuries to the victim.
Any impression left with the probation officer that my client can't remember who stabbed Mr. DeLee
would not be the impression that Wally meant to convey as same would not be in accord with his recorded
statement.
As to the apparent impression that Wally cannot remember who conceived the notion to burglarize the
DeLee residence, the recorded statement along with an afterthought provided to the probation officer
are correct. Dennis Leonard first suggested the idea on two separate occasions a week or so to a
month prior to the incident on which said occasions the idea was not taken seriously.
Trusting the foregoing clarifies any possible confusion, I remain
Yours very truly,
SMITH & HINGLE
[Signature]
J. RANDOLPH SMITH
JRS/bb
cc: client
Smith excepted to plaintiff's amended petition, again asserting that no cause of action was stated. The exception was sustained, and plaintiff's petition was dismissed with prejudice as to Smith. This appeal ensued.

*732 DISCUSSION
The peremptory exception of no cause of action is a procedural device to test whether, under the allegations of the petition, the law affords any remedy for the grievance complained of. The exception is triable solely on the face of the petition and any attached documents. McIntyre v. McIntyre, 519 So.2d 317 (La.App. 2d Cir.1988). The exception is appropriately sustained only when, assuming plaintiff's allegations to be true, plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. Kaufman and Enzer Joint Venture v. Bethlan Production Corp., 459 So.2d 60 (La.App. 2d Cir.1984).
Plaintiff nowhere pleads any facts which could establish an attorney-client relationship between him and Smith. In fact, plaintiff clearly stated that he had his own retained counsel. Thus, no cause of action lies against Smith for failure to fulfill the duties owed by a lawyer to a client.
The allegations presented, though, reflect plaintiff's belief that he was a party to an "agreement," presumably in the nature of a contract, between him and his attorney on one hand and the brother and Smith on the other. Plaintiff asserts that Smith used the pact as a defensive tactic and failed to satisfy his obligations thereunder, thereby harming plaintiff's defense and increasing the length of his incarceration. However, even assuming the alleged wrong to be otherwise remediable at law, plaintiff states no facts demonstrating the manner in which Smith's actions, i.e., failing to abide by the agreement, so damaged his defense or caused him to suffer prejudice at the hands of the sentencing judge. That mitigating the severity of plaintiff's sentence was the agreement's aim is not even alleged, let alone the reason Smith's "breach" caused the judge somehow to think less of plaintiff and punish him more severely. Accordingly, plaintiff has stated no cause of action for Smith's alleged failure to abide by the "agreement."
The essential elements of a defamation action are (1) defamatory words; (2) communication to someone other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Bros., 390 So.2d 196 (La.1980); Young Oil Co. of La., Inc. v. Durbin, 412 So.2d 620 (La.App. 2d Cir. 1982). Defenses to a defamation action include truth, justification and privilege. Privileges are either absolute or conditional. A conditional or qualified privilege is applicable to communications made in good faith, on a subject matter in which the communicator has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty. Taylor v. Town of Arcadia, 519 So.2d 303 (La.App. 2d Cir.1988), writ denied, 522 So.2d 1097 (La.1988); Elmer v. Coplin, 485 So.2d 171 (La.App. 2d Cir. 1986), writ denied, 489 So.2d 246 (La.1986).
In addition to breach of the agreement, plaintiff's original petition asserts that he was injured by Smith's "defamation, libel, and slander" and "erroneous information." Similar conclusory allegations were contained in the amended petition, which was augmented factually only by the letter, previously reproduced, from Smith to the district attorney. A careful reading of the letter discloses that Smith was attempting to alleviate any confusion generated by discrepancies between his client's statements to probation officers and those he had given earlier to state police. Smith reiterated that his client understood plaintiff to be both the one who inflicted stab wounds on the homeowner and the one who instigated the burglary.
Some doubt exists whether the statements contained in the letter are defamatory as a matter of law. At all times Smith was merely restating his client's position and obviously had no first hand knowledge as to the subject matter. Further, the statements were made in the context of a prosecution and about an individual who had already been charged with a criminal offense.
However, even if we accept plaintiff's conclusion that the words were defamatory, Smith is shielded from liability *733 by a qualified privilege. The communication was an effort to clarify his client's position with law enforcement officials, and the contents of the letter attest to his good faith. Furthermore, Smith, as an attorney for a criminal defendant, had a duty to zealously and competently represent his client, a responsibility which included aiding the accused in his statements to and negotiations with the authorities. Finally, the district attorney to whom the letter was directed had a corresponding duty. As a public official given the authority to decide whom, when and how to prosecute, the district attorney obviously possessed an interest in hearing the recollection of events by Smith's client. Such communication between attorneys for the state and the accused is necessary if there are to be expeditious and fairly negotiated settlements of prosecutions. A free exchange of views under these circumstances serves the social interests of the public and the courts. In Louisiana, such good faith communication between parties sharing an interest or duty enjoys a conditional or qualified privilege against suit for defamation. Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir.1975); McGowen v. Prentice, 341 So.2d 55 (La.App. 3rd Cir.1977). Consequently, even were plaintiff to substantiate his allegations at trial, defendant's conduct was non-actionable as a matter of law.

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the exception is affirmed in all respects. All costs are to be borne by appellant.
AFFIRMED.