602 So.2d 772 (1992)
Mrs. Olean WRIGHT, Plaintiff-Appellant,
v.
DOLLAR GENERAL CORPORATION, Defendant-Appellee.
No. 23724-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
Rehearing Denied July 16, 1992.
*773 Bobby L. Culpepper, Jonesboro, for plaintiff-appellant.
Locke, Purnell, Rain & Harrell by Stephen C. Resor, New Orleans, for defendant-appellee.
Before SEXTON, HIGHTOWER and STEWART, JJ.
SEXTON, Judge.
The plaintiff, Mrs. Olean Wright, appeals the trial court judgment which granted the motion for summary judgment of the defendant, Dolgencorp., Inc., d/b/a Dollar General Store, and thereby dismissed plaintiff's defamation claim. We affirm.
Plaintiff was employed as a manager for defendant's Homer, Louisiana, store. On October 6, 1989, after serving a two-week suspension, plaintiff was fired following a series of thefts from the cash register at the store. Although it appears another Dollar General employee was responsible for the thefts, plaintiff was apparently fired for failing to follow company policy. Specifically, she failed to perform and record cash register readings in the manner company policy directed. If she had done so, the extent of the thefts, which had gone undetected for several months, would likely have been significantly reduced.
On September 19, 1990, plaintiff filed the instant lawsuit seeking damages for defamation.[*] The claim was based on statements allegedly made by defendant's employees that plaintiff had stolen or embezzled the missing money. Defendant was alleged to be vicariously liable. Plaintiff's petition alleges that the statements were made to law enforcement officials, whose investigation of the plaintiff in connection with the thefts soon became common knowledge in Homer. The only Dollar General employee specifically listed as defaming plaintiff in her petition was a James Hicks, the security investigator from the defendant's home office in Kentucky sent to investigate the thefts.
The defendant filed a motion for summary judgment, supported by the plaintiff's deposition and her answers to interrogatories. Plaintiff's deposition testimony *774 outlines her version of the discovery of the theft, the two-week suspension, and her subsequent firing. In respect to the defamation claim, plaintiff's deposition testimony reveals that Mr. Hicks accused plaintiff of stealing. Apparently, Mr. Hicks informed law enforcement officials of the thefts and an investigation ensued. The plaintiff testified that no charges were ever brought against her nor was she ever personally questioned by law enforcement officials. However, plaintiff testified that she heard that law enforcement officials were questioning other Dollar General employees as to whether plaintiff had stolen the money. The plaintiff's deposition testimony also alleges that the manager who replaced her, Joyce Triplett, informed customers that plaintiff had been fired for stealing money. Plaintiff testified that she was told of this by Rita Simmons, the assistant manager, and also by a Becky Smith. Plaintiff testified that her reputation has been ruined, she is now unable to secure other employment in Homer, and she has suffered mental and emotional damages.
In opposition to the motion for summary judgment, plaintiff filed her own affidavit and the affidavit of a Verba Spillers. Plaintiff's affidavit is basically a concise version of her deposition testimony. Ms. Spillers' affidavit states that she heard "employee statements of the dismissal of Mrs. Olean Wright because of shortage of monies that were missing."
The trial court granted the motion for summary judgment and signed a judgment dismissing plaintiff's petition. In brief reasons for judgment, the trial court found "no material issue as to judgment as a matter of law." Plaintiff appeals this judgment.
A summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one as only when reasonable minds must inevitably concur is summary judgment warranted and any doubts should be resolved in favor of a trial on the merits. Billingsley v. Bach Energy Corporation, 588 So.2d 786, (La.App.2d Cir.1991); Ouachita National Bank (Premier Bank, N.A.) v. Palowsky, 570 So.2d 114 (La.App.2d Cir.1990).
If the supporting documents presented by a party moving for summary judgment are sufficient to resolve all genuine issues of material fact, the burden then shifts to the opposing party to present evidence beyond the allegations and denials contained in the pleadings, showing that material facts are still at issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Billingsley v. Bach Energy Corporation, supra.
We note that defamation actions have been found inordinately susceptible to summary judgment. The Louisiana Supreme Court has noted that proper summary judgment practice is essential in cases affecting First Amendment liberties, such as freedom of speech or of the press. Summary adjudication is accordingly a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the right of free speech. Mashburn v. Collin, 355 So.2d 879 (La.1977). For these reasons, a plaintiff in a defamation action who opposes summary judgment bears a burden of proof more onerous than usual. Spears v. McCormick & Company, Inc., 520 So.2d 805 (La.App.3rd Cir.1987), writ denied, 522 So.2d 563 (La.1988); Dwight W. Andrus Insurance, Inc. v. Abellor Corporation, 482 So.2d 1092 (La.App.3rd Cir.1986), writ denied, 486 So.2d 733 (La.1986). Plaintiff must show that she can produce sufficient evidence at trial to prove the elements of the case with "convincing clarity." Dwight W. Andrus Insurance, Inc. v. Abellor Corporation, supra; Cavalier v. Houma *775 Courier Newspaper Corporation, 472 So.2d 274 (La.App.1st Cir.1985).
The elements of a defamation claim are defamatory words, publication, falsity, malice, actual or implied, and resulting injury. Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101 (La.1988); Moore v. Board of Supervisors of Louisiana State University and Mechanical College, 559 So.2d 548 (La.App.2d Cir. 1990). In the instant case, plaintiff asserts that the defamatory words were accusations of theft. Words which impute a crime to another are defamatory per se. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980); Elmer v. Coplin, 485 So.2d 171 (La.App.2d Cir.1986), writ denied, 489 So.2d 246 (La. 1986). When words are defamatory per se, falsity and malice are presumed and the burden shifts to the defendant to rebut the presumption. Elmer v. Coplin, supra; Melancon v. Hyatt Corporation, 589 So.2d 1186 (La.App.4th Cir.1991), writ denied, 592 So.2d 411 (La.1992).
Of the remaining elements of the defamation claim on which plaintiff would have the burden of proof, publication and resulting injury, the key element in the instant case is publication, or whether the defamatory statements were made to any third persons. Plaintiff's deposition testimony and affidavit imply that Mr. Hicks told law enforcement officials that plaintiff had stolen from the Dollar General Store. Plaintiff concedes that she was never charged with a crime nor was she even personally questioned by law enforcement officials. Plaintiff nevertheless makes vague allegations that she heard law enforcement officials were questioning her co-workers regarding plaintiff's involvement in the thefts. Plaintiff provided no affidavits from either law enforcement officials nor the co-workers who were allegedly questioned which would support her accusations.
Even assuming plaintiff became a suspect in the criminal investigation, any statement by Mr. Hicks which occasioned that investigation was privileged and not susceptible of being found defamatory. An allegedly defamatory statement is conditionally privileged if it is made in good faith on any subject matter which the person communicating has an interest or in reference to which he has a duty, to any person having a corresponding interest or duty. Leonard v. Smith, 550 So.2d 729 (La.App.2d Cir.1989); Henderson v. Guillory, 546 So.2d 244 (La.App.2d Cir.1989), writ denied, 551 So.2d 635 (La.1989). Such a privilege extends to protect from liability for defamation an employer investigating suspected wrongdoing even though third persons become aware of the investigation and the subsequent discharge of an employee. Roberts v. Louisiana Bank & Trust Company, Inc., 550 So.2d 809 (La. App.2d Cir.1989), writ denied, 552 So.2d 398 (La.1989); Thibodeaux v. Southwest Louisiana Hospital Association, 488 So.2d 743 (La.App.3rd Cir.1986). Accordingly, any statement made by Mr. Hicks to law enforcement officials was privileged and thus provides no basis for a defamation suit, even assuming the accuracy of plaintiff's allegations.
The only remaining possible claim of alleged defamation stems from plaintiff's allegations that Ms. Triplett informed customers that plaintiff had been fired for stealing money from Dollar General. Again, plaintiff's assertions are vague, conclusory, and unsupported. Plaintiff provided affidavits from neither Ms. Triplett nor any of the customers who allegedly heard the defamatory statement. Instead, the tenuousness of plaintiff's case is represented by the only affidavit plaintiff provided other than her own, the affidavit of Verba Spillers, filed by plaintiff. Ms. Spillers states that she heard statements of employees that the plaintiff had been dismissed "because of shortage of monies that were missing." The quoted language was handwritten and replaced a typed passage which provided that plaintiff was dismissed for stealing. The typed passage, which would have allowed an inference of defamation, was stricken from the affidavit, apparently by Ms. Spillers. The affidavit, as filed, reasonably supports the defendant's assertions that plaintiff was fired *776 not for stealing the money, but for inadequate cash register readings which could have minimized the extent of the thefts. Plaintiff admitted her failure to properly take cash register readings. Truth is an absolute defense to an action for defamation. Freeman v. Cooper, 414 So.2d 355 (La.1982); Martin v. Lincoln General Hospital, 588 So.2d 1329 (La.App.2d Cir. 1991), writ denied, 592 So.2d 1302 (La. 1992). Ms. Spillers' affidavit is insufficient to support a defamation claim.
In light of the more onerous burden on a plaintiff occasioned by the First Amendment inherent in any defamation action and plaintiff's failure to provide any support for her vague and conclusory allegations of defamation, we find there are no remaining material issues of fact which would support plaintiff's claim. Accordingly, the judgment appealed from is affirmed at plaintiff's cost.
AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, SEXTON, HIGHTOWER, VICTORY and STEWART, JJ.
Rehearing denied.
NOTES
[*] Although plaintiff's petition could be read as additionally asserting a claim for wrongful termination of employment, plaintiff has since conceded there is no basis to support such a claim. As she was employed for an indefinite period, the employment relationship could be terminated at the will of either party. LSA-C.C. Art. 2747; Roberts v. Louisiana Bank & Trust Company, Inc., 550 So.2d 809 (La.App.2d Cir. 1989), writ denied, 552 So.2d 398 (La. 1989); Carlson v. Superior Supply Company, 536 So.2d 444 (La.App.2d Cir.1988), writ denied, 537 So.2d 210 (La.1989).