844 So.2d 1025 (2003)
Jose BONILLA
v.
COMMODORE CRUISE LINES LIMITED and ABC Insurance Company.
No. 2002-CA-2182.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 2003.
*1026 Timothy J. Falcon, Jeremiah A. Sprague, Falcon Law Firm, Marrero, LA, for Plaintiff/Appellant.
Thomas J. Wagner, Thomas P. Henican, Wagner & Bagot, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD).
JAMES F. McKAY, III, Judge.
The plaintiff, Jose Bonilla, appeals the trial court's granting of the defendant's, Commodore Cruise Lines Limited's (Commodore), motion for summary judgment.
*1027 FACTS AND PROCEDURAL HISTORY
Mr. Bonilla, a Honduran national, was allegedly injured on October 17, 1994, while he was in the employ of Commodore. On July 15, 1996, Mr. Bonilla filed suit against Commodore in Civil District Court for Orleans Parish, alleging that his injury occurred on the S.S.ENCHANTED SEAS while it was docked in New Orleans. Commodore was not served with the lawsuit until January of 1997; however, Commodore went out of business in July of 1995 and its assets were sold to New Commodore Cruise Lines Ltd. (New Commodore).
Commodore filed an exception of lack of in personam jurisdiction and further moved for a dismissal or stay of the suit on the grounds of the Panama forum selection clause included in its standard employment contract. Mr. Bonilla defeated Commodore's jurisdictional exception and motion for dismissal with multiple representations regarding his service and various activities in Louisiana which he claims led to his injury.
In actuality, at the time of Mr. Bonilla's alleged injury, he was working aboard the S.S. ENCHANTED ISLE, not the S.S. ENCHANTED SEAS, and this vessel was not at port in New Orleans, but was dry-docked in Gdansk, Poland. These facts were not learned by Commodore until Mr. Bonilla appeared for a deposition in New Orleans. Upon learning these facts, Commodore moved for summary judgment and the imposition of sanctions. The trial court granted Commodore's motion for summary judgment but declined to impose sanctions. Both Mr. Bonilla and Commodore appeal the trial court's judgment.
DISCUSSION
On appeal, Mr. Bonilla raises the following assignments of error: 1) the trial court erred in granting Commodore's motion for summary judgment based on lack of in personam, jurisdiction; and 2) the trial court erred in granting Commodore's motion for summary judgment dismissing Mr. Bonilla's claims based on the forum selection clause contained in the employment contract. Commodore contends that the trial court erred in denying its motion for sanctions.
Under article 966 of the Louisiana Code of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact. La. Code Civ. Pro. Art. 966 B; Gaspard v. Orleans Parish School Board 96-1754 (La.App. 4 Cir 2/5/97), 688 So.2d 1298, 1301. A fact is material for purposes of a motion for summary judgment if it potentially ensures or precludes recovery, affects the litigant's ultimate success, or determines the outcome of the case. Wright v. Dollar General Corp., 602 So.2d 772, 774 (La.App. 2 Cir.1992).
If supporting documents presented by the mover are sufficient to resolve all genuine issues of material fact, the burden shifts to the opposing party to present evidence beyond the allegations and denials contained in the pleadings, demonstrating that material facts are still at issue. Id. at 774. Once the burden of proof has shifted, the non-moving party must show, through affidavits, pleadings, deposition testimony, and/or answers to interrogatories and admissions, that a genuine issue exists. If the non-moving party cannot so respond, the motion for summary judgment must be granted. Nathans v. Vuci, 443 So.2d 690, 696 (La.App. 1 Cir.1983).
In the instant case, the trial court found that it lacked personal jurisdiction over Commodore because Mr. Bonilla failed to prove that he ever sailed to *1028 New Orleans while he worked for Commodore and Commodore had no contacts with Louisiana for eighteen months prior to being served with Mr. Bonilla's petition. While these factual findings are subject to the manifest error standard of review, jurisdiction is a question of law subject to de novo review. Sunrise Shipping Agency, Inc. v. Universal Maritime Services, Ltd., 96-2703 (La.App. 4 Cir. 10/3/97), 700 So.2d 1135, 1137. There are two types of jurisdiction: specific jurisdiction and general jurisdiction. Specific jurisdiction applies when a cause of action arises out of the defendant's contacts defendant's contacts with the state while general jurisdiction applies when the cause of action does not arise out of the defendant's contacts with the state. Id. at 1138. Considering that the cause of action at the heart of this case arose in Gdansk, Poland and not New Orleans, Louisiana, it is clear that a Louisiana court has no specific jurisdiction over this case.
A court has general jurisdiction over a defendant if the defendant has "continuous and systematic" contacts with the forum state such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 105 (La.1991). The court must first examine the defendant's contacts and then, if sufficient, the court must examine the fairness factor. Id. at 109. The burden is on the plaintiff to show that the defendant has the necessary minimum contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Generally, personal jurisdiction is determined as of the time of filing. Sunrise at 1138.
In the instant case, suit was filed against Commodore in July of 1996 and Commodore was served in January of 1997. However, Commodore ceased its operations in Louisiana when it sold its cruise business in July of 1995. Mr. Bonilla presented no evidence that Commodore had continuous or systematic contacts with Louisiana at the time of filing, the time of service or for eighteen months prior to the filing of the petition. Furthermore, even if pre-filing contacts are considered, Mr. Bonilla has still failed to show that Commodore's contacts were continuous, systematic or substantial. Mr. Bonilla has not presented any evidence, except an affidavit setting forth that Commodore "regularly sailed to New Orleans," showing Commodore's purported contacts before July of 1996. Accordingly, the trial court was correct in determining that the defendant's contacts were not continuous and systematic. In any event, even if the defendant's contacts had been systematic and continuous, it would offend traditional notions of fair play and substantial justice to maintain in a Louisiana court the suit of a Honduran national allegedly injured in Poland.
Mr. Bonilla contends that the trial court erred in determining that the forum selection clause was enforceable because La. R.S. 23:921(A)(2) states that all forum selection clauses are null and void except where the clause is "expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action." Mr. Bonilla raises this argument for the first time on appeal. Accordingly, this argument is waived.[1] *1029 See James v. Formosa Plastics Corp., 95-1794 (La.App. 1 Cir. 4/4/96), 672 So.2d 319; writ denied, 96-1091 (La.11/22/96), 683 So.2d 285. See also Uniform Rules, Courts of Appeal, Rule 1-3.
Commodore contends that the trial court erred when it did not impose sanctions on the plaintiff under Article 863 of the Louisiana Code of Civil Procedure. Generally speaking a trial court has great discretion in deciding whether to impose sanctions. Furthermore, a trial court's determination of whether to impose sanctions will not be reversed unless it is manifestly erroneous or clearly wrong. Harris v. Gaylord Bag Co., 26,335 (La.App. 2 Cir. 12/7/94), 647 So.2d 542. Based on the record before this Court, we find nothing manifestly erroneous or clearly wrong with the trial court's decision not to impose sanctions on the plaintiff in this case.
CONCLUSION
For the foregoing reasons, we affirm the trial court's granting of summary judgment as well as its denial of sanctions.
AFFIRMED.
NOTES
[1] The Louisiana Supreme Court has held that forum selection clauses in seaman's employment contracts are presumed to be enforceable. Lejano v. K.S. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158. Forum selection clauses must be enforced "unless enforcement is shown to be unreasonable under the circumstances." Id. at 166 (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).