982 So.2d 923 (2008)
Vernon J. TATUM, Jr.
v.
The ORLEANS PARISH SCHOOL BOARD.
No. 2007-CA-0613.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2008.
*924 Vernon J. Tatum, Jr., New Orleans, LA, In Proper Person/Plaintiff/Appellant.
William D. Aaron, Jr., Renee F. Smith, Goins Aaron, P.L.C., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge MAX N. TOBIAS JR., Judge DAVID S. GORBATY).
Prior report: 894 So.2d 1180.
DAVID S. GORBATY, Judge.
In this appeal, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. For the reasons set forth below, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff was employed as a temporary teacher at Walter L. Cohen Senior High School. At the end of the school year, the principal of the school, Leroy Gray, sent a memorandum to Cossette West, an administrator in the Orleans Parish School Board's human resources department, concerning plaintiff's assignment. In its entirety, the letter stated:
Mr. Vernon Tatum was assigned to Cohen School during the 1988-89 and 1989-90 school sessions. He served as a school site substitute teacher in 1988-89-and a science teacher in 1989-90.
It is recommended that Mr. Tatum not be returned to Cohen School.
Thank you for your consideration.
Plaintiff filed the instant lawsuit entitled "Defamation of Character and/or Tort Against the Orleans Parish School Board." On May 12, 2004, the Orleans Parish School Board filed a Motion for Summary Judgment, seeking dismissal on the grounds that no defamation occurred. The trial court granted the motion as it pertained to defamation, dismissing that claim with prejudice, "reserving unto plaintiff any other causes of action that may have been asserted in his Petition, as amended." Plaintiff subsequently filed this appeal.
DISCUSSION
Although his assignments of error are not laid out in proper form, plaintiff argues that the trial court erred in dismissing his defamation claim.
Summary judgments are reviewed de novo, under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Cager v. Williams, XXXX-XXXX (La.App. 4 Cir 11/12/03), 861 So.2d 239. The defamation plaintiff who opposes summary judgment bears a more onerous burden of proof than plaintiffs in other actions, and must show that he can produce sufficient evidence at trial to prove the elements of the case with convincing clarity. Wright v. Dollar General *925 Corp., 602 So.2d 772 (La.App. 2 Cir. 1992). If the plaintiff fails to meet his burden as to any contested element, summary disposition of the claim is proper. Ruffin v. Wal-Mart Stores, Inc., XXXX-XXXX (La.App. 1 Cir. 5/10/02), 818 So.2d 965.
The following elements must be proven to prevail on a claim of defamation: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196 (La.1980). Louisiana jurisprudence is clear that a cause of action fails if the plaintiff fails to prove even one of these elements. Sommer v. State Dept. of Transportation and Development, 97-1929 (La.App. 4 Cir. 3/29/00), 758 So.2d 923. Defamatory words have been defined as words that "tend to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating with him." Id., p. 26, 758 So.2d at 939. Generally, a communication is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise exposes a person to contempt or ridicule. Trentecosta v. Beck, 96-2388, p. 7 (La.10/21/97), 703 So.2d 552, 559 (citing Restatement (Second) of Torts § 559 cmt.(e) (1977)); Freeman v. Cooper, 414 So.2d 355 (La.1982).
An action in defamation does not lie from a statement of opinion based on the speaker or writer's subjective view, and that does not state or imply underlying facts. Mashburn v. Collin, 355 So.2d 879 (La.1977); Bussie v. Lowenthal, 535 So.2d 378 (La.1988). The test for determination of whether a statement is fact or opinion is whether "ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact." Mashburn, supra at 885. In sum, an expression of opinion is actionable only if "it implies the existence of underlying facts ascertainable by a reasonable person with some degree of certainty, and the implied factual assertions are false, defamatory, made with actual malice, and concern another." Fitzgerald v. Tucker, 98-2313, p. 12 (La.6/29/99), 737 So.2d 706, 717.
In McGowen v. Prentice, 341 So.2d 55 (La.App. 3 Cir.1977), the court held that a school principal's recommendation not to rehire the plaintiff teacher was not defamatory. In that case, C.A. Prentice, Jr., the principal of Jeanerette Senior High School, recommended in a letter that JoAnn McGowen, a non-tenured teacher, not be rehired. One of the reasons Prentice later said that she and another teacher should not be rehired was because they were "both nuts." Id. at 55. The letter Prentice sent to George Crowson, the assistant superintendent of the Iberia Parish school system read in its entirety:
"This is in response to your letter of April 23, 1974 regarding JoAnn P. McGowen. In view of the circustances and facts relating to this teacher, I reluctantly but firmly recommend that, in the interest of Jeanerette High School, she not be rehired for the 1974-1975 school year."
In reviewing McGowen's claim, the Third Circuit found that the letter was not defamatory. The court reasoned that "The major thrust of plaintiff's evidence is that Prentice was wrong in recommending against her re-hiring, but that question is for the school board and the school officials, not for the courts. Therefore, we conclude, as did the trial court, that the defendant did not defame the plaintiff in *926 recommending that she not be rehired." Id. at 57.
We likewise conclude that the statement made by Gray was not defamatory. In the instant case, the alleged defamatory statement consists of a memo concerning a personnel matter: the assignment of a teacher for the next school year. It was merely a recommendation that plaintiff not return to that school, without giving any reason. Nothing Gray said in the memorandum could be construed as lowering the plaintiff in the eyes of others There are many reasons why such a recommendation might have been made, other than the personal vendetta alleged by plaintiff. Furthermore, plaintiff has not alleged that the statement "It is recommended that Mr. Tatum not be returned to Cohen School" is false.
CONCLUSION
No issues of material fact remain that should preclude the granting of the motion for summary judgment. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.